No. 15,311.

PEOPLE v. J. H. COOPER ENTERPRISES, INC.

(141 P. [2d] 414)

Decided September 13, 1943.

Mr. A. ALLEN BROWN, District Attorney, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

Messrs. MOYNIHAN-HUGHES-SHERMAN, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ON motion of defendant in error to dismiss writ of error.

It appears from the record that an information in two counts was filed, charging that defendant in error and five named individuals did "knowingly and unlawfully

engage in and promote a lottery," and (second count) "wilfully and unlawfully engage in a gift enterprise business, contrary," etc. Subsequently, there was voluntary dismissal as to all individual defendants (The names of the individuals still appear in papers filed here, but they are not parties to the writ of error, and consequently will not be further mentioned).

The case proceeded to trial as to defendant in error, and at the close of the people's evidence, defendant's counsel moving to that end, the court instructed the jury to return a verdict of not guilty, which was done. Proceeding pursuant to section 500, chapter 48, '35 C.S.A., the people prosecutes error. The basis of the motion to dismiss the writ is that plaintiff in error did not aptly file its abstract of record in compliance with the requirements of Rule 115, R.C.P. Colo. It appears: That the record was filed February 9, 1943; that March 25, 1943 (already late), counsel for the people filed a motion for time and to and including April 10, 1943, within which to file an abstract of record, which, written consent by opposing counsel attending, was granted; that June 19, 1943—no other extension having been moved or granted —the people interposed an unverified and unsupported motion for leave to file its abstract of record, which it tendered for that purpose; that July 2, 1943, the motion of defendant in error to dismiss was filed; that July 7, 1943, plaintiff in error filed a supplemental motion, neither verified nor otherwise supported, for leave to file its abstract.

We do not pause to review at length the reasons advanced by counsel for the people in their quest for leave to file, but our study convinces that, in addition to the technical weaknesses attending the showing, stated above, there does not appear that which reasonably should move us to overlook the protracted delay appearing. The rule fixing the time within which abstracts and briefs shall be filed, is "for the proper dispatch of business," and its "observance is required in the interest

340

of litigants generally." *Wilson v. People*, 25 Colo. 375, 55 Pac. 721.

Let the motion to dismiss the writ of error be granted.