**WARREN VILLAGE, INC.,**
**Plaintiff-Appellant,**

v.

**BOARD OF ASSESSMENT APPEALS of the State of Colorado, Board of County Commissioners, City and County of Denver, and Property Tax Administrator of the State of Colorado, Defendants-Appellees.**

**No. 79SA261.**

Supreme Court of Colorado,
En Banc.

Nov. 3, 1980.

Charles P. Miller, P. C., Aurora, for plaintiff–appellant.

Max P. Zall, City Atty., Robert F. Strenski, Asst. City Atty., Denver, for the City and County of Denver and the Bd. of County Com'rs of the City and County of Denver.

J. D. MacFarlane, Atty. Gen., Billy J. Shuman, Sp. Asst. Atty. Gen., Denver, for Bd. of Assessment Appeals of the State of Colorado and Property Tax Administrator of the State of Colorado.

DUBOFSKY, Justice.

The appellant, Warren Village, Inc., appeals the dismissal by the district court of its action for judicial review of the Board of Assessment Appeals' denial of Warren Village's request for a tax exemption.[1] The district court dismissed the action for judicial review when Warren Village failed to file a brief, or request an enlargement of time to do so, within the forty days required by section 24–4–106(4), C.R.S. 1973 (1979 Supp.).[2] We affirm the district court's dismissal of Warren Village's action as a proper exercise of judicial discretion.

The state Property Tax Administrator granted Warren Village, a non–profit corporation, a tax exemption for property in Denver used 85% for low–income housing and 15% for a learning center/day–care facility. The Board of County Commissioners of the City and County of Denver appealed[3] the Administrator's decision to the Board of Assessment Appeals on the basis that the housing portion of the property was not entitled to a tax exemption. The

1. The case was transferred here from the Court of Appeals under section 13–4–110, C.R.S. 1973.

2. Section 24–4–106(4) provides:
"Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such agency action becomes effective.... [S]ervice of process, responsive pleadings, and other matters of procedure shall be controlled by the Colorado rules of civil procedure. The residence of a state agency for the purposes of this subsection (4) shall be deemed to be the city and county of Denver. *In any action in which a plaintiff seeks judicial review of an agency decision made after a hearing is provided in section 24–4–105, the parties shall file briefs within the time periods specified in the Colorado appellate rules, and the matter shall be set promptly for oral argument.*"
(Emphasis added.)

3. Section 39–2–117(5), C.R.S. 1973.

Board of Assessment Appeals reversed [4] the Property Tax Administrator on November 3, 1976, and on November 30, 1976, Warren Village sought review of the Board of Assessment Appeals' decision in the district court.

On January 26, 1978, the record of the Board of Assessment Appeals proceeding was filed with the district court. On October 5, 1978, Denver moved to dismiss the Warren Village appeal because Warren Village had failed to file a brief as required by section 24–4–106(4). The district court granted the motion and dismissed the appeal on October 26, 1978.

Section 24–4–107, C.R.S. 1973, subjects proceedings before the Board of Assessment Appeals to the State Administrative Procedure Act, sections 24–4–101, *et seq.*, C.R.S. 1973, including section 24–4–106(4), C.R.S. 1973 (1979 Supp.). Section 24–4–106(4) incorporates the time periods specified in the Colorado Appellate Rules. C.A.R. 31 provides that:

> "The appellant shall serve and file his brief within forty days after the date on which the record is filed. The appellee shall serve and file his brief within thirty days after service of the brief of the appellant. . . ." [5]

On appeal, Warren Village challenges the district court's ruling on the basis that both the court and the tax authorities waived the application of the statutory deadline for filing briefs. Warren Village also questions the applicability of the statute because it was adopted by the General Assembly after Warren Village filed its request for a tax exemption. Finally, Warren Village argues that the statute setting the briefing deadlines violates the provision of the Colorado Constitution which gives the Supreme Court power to prescribe rules for judicial proceedings.

Warren Village finally filed a brief with the district court on January 30, 1979, two months after the district court dismissed the case. Warren Village argues here that the district court judge, by allowing the January 30th filing, waived the statutory time limit. The record from the hearing on January 30th discloses that the district court judge did not waive any statutory requirements governing the filing of briefs.

■ Warren Village also argues that the tax authorities waived the deadlines by not objecting earlier to Warren Village's failure to file a brief. It points to the delay between November 30, 1976, when Warren Village filed its complaint with the district court, and February 17, 1978, when the Board of County Commissioners of the City and County of Denver answered the complaint. However, Warren Village ignores the answer filed by the defendants Board of Assessment Appeals and Property Tax Administrator on December 8, 1976, and the fact that the record of the Board of Assessment Appeals proceedings was not filed until January 26, 1978. [6] On December 8, 1976, the defendant City and County of Denver and an attorney for Warren Village agreed that the City and County would withhold its answer until the transcript of the Board of Assessment Appeals proceedings was filed.

■ Warren Village also argues that the defendants should have objected to Warren Village's failure to comply with the statute when oral argument was set on August 4, 1978, rather than waiting until three weeks before oral argument to file their motion. Section 24–4–106(4) does not set a date by which the appellees must object or be deemed to have waived the brief–filing requirements of the statute. The burden is clearly on the appellants to make a timely filing of their opening brief. C.R.C.P. 41(b); *Rathbun v. Sparks*, 162 Colo. 110, 425

---

4. The hearing before the Board of Assessment Appeals was governed by section 24–4–105, C.R.S. 1973.

5. Under section 24–4–106(4), absent a C.R.C.P. 6(b) motion requesting an extension of time,

Warren Village's brief was due on March 7, 1978.

6. Apparently, the record was misplaced after certification to the court and not located until January 26, 1978.

P.2d 296 (1967); *Koon v. Barmettler*, 134 Colo. 221, 301 P.2d 713 (1956).[7]

Warren Village next disputes the application of the statutory deadline because the briefing timetable, an amendment to the Administrative Procedure Act, took effect on May 24, 1976, after Warren Village had filed for exemption from property taxation on December 30, 1975. However, the Board of Assessment Appeals made its decision on November 3, 1976, and Warren Village sought judicial review of the Board of Assessment Appeals decision by filing an action with the district court on November 30, 1976, six months after the effective date of the amendment change.

In *McCartney v. West Adams County Fire Protection District*, 40 Colo.App. 330, 574 P.2d 516 (1978), the Court of Appeals held that the thirty–day time limit for filing administrative appeals in section 24–4–106(4), C.R.S. 1973 (1979 Supp.), also effective May 24, 1976, applied to a fireman who appealed his May 11, 1976 discharge to the Fire Protection Civil Service Committee on May 14, 1976. The Committee upheld his discharge on September 29, 1976, and the fireman appealed the ruling on November 22, 1976. Had the earlier version of section 24–4–106(4) been in effect, the fireman would have had sixty days from September 29, 1976, to seek judicial review. His appeal, more than thirty days after the administrative decision, was properly dismissed by the district court as untimely under the principle that:

> "[A] statute defining the period within which judicial review can be sought does not become material until after the right to review arises, that is, until after a final decision adverse to the claimant."

*McCartney v. West Adams County Fire Protection District, supra*, 574 P.2d at 517.

■ Here, although Warren Village initially applied for a tax exemption prior to May 24, 1976, the effective date of the statute setting briefing deadlines, the final administrative decision adverse to the claimant was the Board of Assessment Appeals decision on November 3, 1976, and the right to district court review did not arise until that date. Therefore, the trial court properly applied the statutory deadlines in section 24–4–106(4) and C.A.R. 31(a).

■ Finally, Warren Village challenges section 24–4–106(4), a legislative enactment, as violative of *Colo.Const.* Art. VI, Sec. 21.[8] We see no violation of the separation of powers principle in this statutory scheme. The General Assembly has the power to establish rules governing both administrative proceedings conducted by executive agencies of the state and access to reviewing courts. *Colo.Const.* Art. III and Art. V, section 24–4–107, C.R.S. 1973; *Elizondo v. Department of Revenue*, 194 Colo. 113, 570 P.2d 518 (1977). Section 24–4–106(4), once an appeal of an agency action has been filed under the terms of the statute, directs the parties to comply with the Colorado Rules of Civil Procedure and the Colorado Appellate Rules. The statute specifically incorporates the rules without change. Consequently, the statute does not impinge on the Supreme Court's rule–making power.

Our review of the proceedings discloses that the district court properly exercised its discretion in dismissing Warren Village's appeal from the Board of Assessment Appeals determination. Section 24–4–106(4) specifically refers to the Colorado Rules of Civil Procedure. C.R.C.P. 41(b) provides for dismissal of an action when a plaintiff fails to prosecute its claims with due diligence.

---

**7.** Warren Village also asserts that its petitions for reconsideration in the administrative proceedings (which were part of the record) should be considered as the brief required by the statute. However, Warren Village did not tender the petitions for reconsideration to the court as its brief and did not inform the defendant that the petitions for reconsideration were to be the brief to which the defendants were to reply. The first time that Warren Village asserted this argument was in its reply brief to this Court.

**8.** *Colo.Const.* Art. VI, Sec. 21 provides:

"The supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases . . . ."

In addition, C.A.R. 31, which sets the time for filing briefs, also establishes the possible consequences of the failure to file briefs:

"(c) If an appellant fails to file his brief within the time provided by this Rule, or within the time as extended, an appellee may move for dismissal of the appeal. . . ."

*See also* C.R.C.P. 6.

 It is within the discretion of the district court to dismiss an appeal from a state administrative agency action if the appellant has not complied with the statutory time limitations for filing briefs. We will not disturb the district court's dismissal of the appeal by Warren Village absent a showing of abuse of discretion by the trial court. *Mitchell v. Espinosa*, 125 Colo. 267, 243 P.2d 412 (1952).

Judgment affirmed.

ROVIRA, J., does not participate.