Steven **WILKINSON**, Plaintiff-Appellant,

v.

**MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE**, State of Colorado, Defendant-Appellee.

No. 80CA1066.

Colorado Court of Appeals, Div. II.

June 18, 1981.

Rehearing Denied July 9, 1981.

Certiorari Denied Oct. 13, 1981.

Richard M. Borchers, P.C., Richard M. Borchers, Westminster, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Roger Morris, Asst. Attys. Gen., Denver, for defendant-appellee.

STERNBERG, Judge.

Wilkinson appeals from an order of dismissal entered by the trial court, claiming that, because no motion to dismiss was before the court, dismissal was plain error. We affirm.

Wilkinson's driver's license was suspended on a hearing officer's finding that he had refused to submit to a chemical test, as required by the implied consent law. On February 22, 1980, pursuant to § 24–4–106, C.R.S.1973, he filed a complaint in the district court seeking review of the hearing officer's decision. The answer to the complaint was filed on March 10, 1980, and Wilkinson was notified on that date that he would have 40 days from the filing of the

record with the court to file his opening brief. The record of the motor vehicle division was filed the same day and, on April 1, the transcript of administrative proceedings was filed.

On June 30, 1980, the motor vehicle division moved to dismiss on the grounds that the opening brief had not been filed. This motion was set for hearing on August 21, 1980. Prior to this date, Wilkinson did not file a brief, nor did he request an extension of time. On the date of the hearing, the trial court was advised that the parties had reached an agreement whereby the motion to dismiss would be withdrawn and Wilkinson's opening brief would be filed with the court within 15 days. On September 19, the brief still had not been filed and, therefore, the trial court, acting on its own motion, entered an order of dismissal. On September 30, Wilkinson moved for reconsideration of the trial court's order of dismissal, attaching a brief. From the trial court's denial of this motion, he appeals.

■ Under *Warren Village, Inc. v. Board of Assessment Appeals,* Colo., 619 P.2d 60 (1980), judicial review of agency action pursuant to § 24–4–106(4), C.R.S.1973 (1980 Cum.Supp.) is subject to time limits specified in the Colorado Appellate Rules. And C.A.R. 31(a) states that: "The appellant *shall* serve and file his brief within 40 days after the date on which the record is filed." (emphasis added) In *Warren Village, Inc. v. Board of Assessment Appeals, supra,* the court stated that the "burden is clearly on the appellants to make a timely filing of their opening brief." Dismissal for failure to comply with statutory time limitations for filing briefs is within the discretion of the trial court. *Warren Village, Inc. v. Board of Assessment Appeals, supra.*

■ In view of Wilkinson's failure to file his brief within 40 days of receipt of the record and his failure to file within the 15-day period agreed upon as a *quid pro quo* for withdrawal of the motion to dismiss, we conclude that there was no abuse of discretion here.

■ Moreover, we note it has long been the law that a court is not bound by an agreement between parties which extends the time for filing briefs. *Wilson v. People,* 25 Colo. 375, 55 P. 721 (1898); *La Junta & Lamar Canal Co. v. Fort Lyon Canal Co.,* 25 Colo. 515, 55 P. 728 (1898). *See People v. Cooper Enterprises,* 111 Colo. 338, 141 P.2d 414 (1943).

The order is affirmed.

PIERCE and TURSI, JJ., concur.