Benedict DuPUIS, Plaintiff-Appellant,

v.

Alan N. CHARNES, Executive Director of the Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellee.

No. 82SA590.

Supreme Court of Colorado,
En Banc.

Aug. 29, 1983.

William R. Gullette, Boulder, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendant-appellee.

KIRSHBAUM, Justice.

Plaintiff, Benedict DuPuis, appeals the trial court's judgment affirming the deci-

sion of the Colorado Department of Revenue (the Department) to revoke his driver's license because he refused to submit to a chemical test as required by section 42-4-1202(3), C.R.S.1973 (1982 Cum.Supp.). Plaintiff contends that this statute violates constitutional guarantees of due process of law because it fails to provide expressly for a hearing on the issue of whether a driver actually refused to take a test to determine the alcohol content of his breath or blood.[1] We affirm.

The following facts are revealed by the record. On June 19, 1981, a Denver police officer observed plaintiff driving his automobile in an erratic manner. Upon stopping the car, the officer concluded that plaintiff was under the influence of alcohol, arrested him, and advised him of the provisions of section 42-4-1202(3). According to the officer's affidavit, plaintiff "refused to blow into [the] breathalyzer."

On August 6, 1981, the Motor Vehicle Division of the Department conducted a hearing to determine whether plaintiff's license should be revoked. Plaintiff, appearing *pro se,* asserted that he did not refuse to take a chemical analysis test, and presented evidence on this issue.[2] At the conclusion of the revocation hearing, the hearing officer made the following pertinent findings of fact:

"1. Preponderance of evidence establishes that the officer had reasonable grounds to believe the [plaintiff] to be driving while intoxicated hence to request a chemical test.

"2. [Plaintiff] was properly advised pursuant to 42-4-1202 and thereby was offered the chemical test therein provided which he did thereafter refuse.

"3. Insufficient evidence of any statutory refusal grounds."

Based on these findings, the hearing officer recommended that plaintiff's license be revoked for three months. The Department adopted this recommendation.[3]

Plaintiff sought judicial review of this decision pursuant to section 24-4-106, C.R.S.1973 (1982 Repl.Vol. 10). He asserted that section 42-4-1202 violates constitutional standards because the statute does not expressly require an evidentiary hearing on the issue of any alleged refusal to submit to some form of test to determine the alcohol content of his breath or blood.[4]

Plaintiff did not file a trial brief within the time provisions required by C.A.R. 31(a), and the trial court's opinion stated "that the matter should be dismissed on that basis alone."[5] However, the trial court also made the following conclusion:

"In reviewing the constitutional argument of the Plaintiff in its written brief,

---

1. Because of the asserted constitutional challenge, this appeal was transferred from the Court of Appeals to this court. *See* §§ 13-4-102(1)(b) and 13-4-110(1)(a), C.R.S.1973.

2. The record on appeal contains only four pages of the transcript of the revocation hearing. Conceding that he was allowed to present evidence on the issue of whether he refused the test, plaintiff asserts that this fact is irrelevant "because the statute grants the division the power to revoke a driver's license without consideration of that issue."

3. The revocation period prescribed by § 42-4-1202(3)(e) for failure to submit to an appropriate chemical analysis test was increased to nine months effective July 1, 1982. *See* Colo.Sess. Laws 1982, ch. 166 at 595-6. The General Assembly repealed § 42-4-1202(3) in its entirety and reenacted the statute, with amendments, effective July 1, 1983.

4. Plaintiff first asserted his constitutional challenge to § 42-4-1202 in an amended complaint. The attorney general was not served with a copy of the amended complaint. In view of our disposition of the merits, we do not address the Department's argument that this appeal should be dismissed because plaintiff failed to comply with the requirements of C.R.C.P. 57(j).

5. Judicial review of agency action pursuant to § 24-4-106(4), C.R.S.1973 (1982 Repl.Vol. 10) is subject to the time limitations specified in C.A.R. 31(a). *Warren Village, Inc. v. Board of Assessment Appeals,* 619 P.2d 60 (Colo.1980). Dismissal for failure to comply with statutory time limitations for filing briefs is left within the trial court's discretion. *Warren Village, Inc. v. Board of Assessment Appeals, supra.* Here, contrary to the Motor Vehicle Division's assertion, the trial court, by choosing to address plaintiff's constitutional claims, elected not to dismiss the appeal.

the Court finds that Section 42–4–1202(3)(e) C.R.S.1973 does not violate due process of law as set out by the state and federal constitutions. A hearing was provided with an opportunity to determine whether a request to take the test was in fact made and whether the request was made as provided by statute and refused by the Plaintiff."

We agree with this conclusion.

Section 42–4–1202(3)(e) states in pertinent part as follows:

"The department, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle while under the influence of, or impaired by, alcohol *and that the person had refused to submit to the test upon the request of the law enforcement officer,* shall, as soon as possible, serve notice upon said person ... to appear before the department and show cause why his license to operate a motor vehicle or, if said person is a nonresident, his privilege to operate a motor vehicle within this state should not be revoked.... At such hearing, it shall first be determined whether the officer had reasonable grounds to believe that the said person was driving a motor vehicle while under the influence of, or impaired by, alcohol. If reasonable grounds are not established by a preponderance of the evidence, the hearing shall terminate, and no further action shall be taken. If reasonable grounds are established and said person is unable to submit evidence that his physical condition was such that, according to competent medical advice, such test would have been inadvisable or that the administration of the test would not have been in conformity with the rules and regulations of the state board of health or in conformity with the provisions of this section or if said person fails to attend the hearing without good cause shown, the department shall forthwith revoke said person's license to operate a motor vehicle...." (emphasis added)

■ Pursuant to this statute, a refusal to submit to an appropriate chemical analysis test to determine the alcohol content of breath or blood is the prerequisite for the initiation of revocation proceedings, and such proceedings are civil in nature. *Davis v. Department of Revenue,* 623 P.2d 874 (Colo.1981); *Norsworthy v. Motor Vehicle Division,* 197 Colo. 527, 594 P.2d 1055 (1979). We have previously held that the required hearing "provides an opportunity to determine whether a request to take the tests was in fact made of the licensee, whether the request was made as provided by statute, and whether the request was in fact refused." *Vigil v. Motor Vehicle Division,* 184 Colo. 142, 146–7, 519 P.2d 332, 335 (1974). The statutory requirement of a specific averment by the arresting officer that the driver refused to submit to an appropriate chemical analysis test makes the issue of refusal a question of fact, permitting the driver to present evidence contrary to such averment and requiring the hearing officer to make a finding on such factual issue based on all of the evidence. *See Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978). These procedural requirements fully satisfy the standard of fundamental fairness guaranteed by the due process clauses of the federal and Colorado constitutions. U.S. Const. amend. IV; Colo. Const. art. II, § 25.

The judgment is affirmed.