**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                      **NO.  28, 887**

**GLORIA HARRIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant argues her thirteen-year sentence constitutes cruel and unusual punishment.  We issued a calendar notice proposing to affirm on March 3, 2009. Defendant timely filed, after extensions, a memorandum in opposition on June 4, 2009,  arguing  the  district  court  sentence,  though  statutorily  legal,  was

unconstitutional. We remain unpersuaded by Defendant's arguments and affirm the district court.

We first note Defendant failed to preserve her claim for appeal. *See State v. Trujillo*, 2002-NMSC-005, ¶ 64, 131 N.M. 709, 42 P.3d 814 (reiterating a defendant's constitutional claim of cruel and unusual punishment must be asserted at the trial court to be preserved for appeal because such a claim is non-jurisdictional). We therefore examine Defendant's sentence for fundamental error. *Id.*; *see also* Rule 12-216(B) NMRA (providing an exception for those claims involving fundamental error or general public interest).

If the length of an imposed sentence is disproportionate to the crimes committed by a defendant, the sentence may amount to cruel and unusual punishment. *See State v. Burdex*, 100 N.M. 197, 202, 668 P.2d 313, 318 (Ct. App. 1983); *see also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 22, 121 N.M. 562, 915 P.2d 318 (noting that cruel and unusual punishment results when "the punishment is of such disproportionate character to the offense as to shock the general conscience and violate principles of fundamental fairness") (citation omitted). Length of sentence is purely a matter of legislative prerogative, unless the statutory sentence is disproportionate to the criminal offense involved. *Burdex,* 100 N.M. at 202, 668 P.2d

at 318.  Absent a showing a defendant received sentences too severe in view of the crimes for which he was convicted, a defendant's claim must fail.  *Id.*

Here, Defendant was found guilty by jury of trafficking a controlled substance, conspiracy to traffic heroin, and conspiracy to bring contraband into a place of imprisonment. [RP 81-90; MIO 1]  Thereafter, the district court sentenced Defendant to nine years each for two counts of trafficking a controlled substance.  [RP 106]  The district court also sentenced Defendant to three years' imprisonment for her conviction for conspiracy to traffic heroin and eighteen months for the conspiracy to bring contraband into a place of imprisonment. [RP 106-107]  Defendant admitted to being a habitual offender with two prior convictions [RP 106; MIO 2] and the district court correctly enhanced her sentence by the statutorily required four years. Defendant now admits these are statutorily legal sentences.  [MIO 3]  *See* NMSA 1978, § 30-31-20 (2006); *see also* NMSA 1978, § 31-18-15(A)(6), (9) (2007); NMSA 1978, § 30-28-2 (1979); NMSA 1978, § 30-22-14 (1976); NMSA 1978, § 31-18-17 (2003).

Defendant was facing an aggregate sentence totaling fifty-eight and one-half years in prison. [MIO 2]  The district court, acting within its legal discretion, ordered Defendant's sentences to be served concurrently for a total of thirteen years. [RP 107;

MIO 2] *See State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768. Given the number of crimes for which Defendant was found guilty, Defendant's habitual offender status, and the district court's ordering the sentences to be served concurrently, Defendant's sentence cannot be said to be disproportionate to the character of the offense so as to "shock the conscience." We therefore affirm the district court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JAMES J. WECHSLER, Judge**



_____
**MICHAEL E. VIGIL, Judge**