2014 COA 39

**David JEHLY and Peggy Jehly, Plaintiffs–Appellants,**

v.

**Allen BROWN, Defendant–Appellee.**

**Court of Appeals No. 13CA0182**

Colorado Court of Appeals, Div. II.

Announced March 27, 2014

---

LeHouillier & Associates, P.C., Patric J. LeHouillier, Colorado Springs, Colorado; The Green Law Firm, P.C., Gregory T. Green, Colorado Springs, Colorado, for Plaintiffs–Appellants

Opinion by JUDGE CASEBOLT

¶ 1 Plaintiffs, David and Peggy Jehly, appeal the judgment entered following a bench trial in favor of defendant, Allen Brown, in which the court found for defendant on plaintiffs' claim of fraudulent concealment. Plaintiffs assert that the court erred by applying the wrong legal standard and failing to impute the knowledge of defendant's agent to defendant. We disagree and affirm.

## I. Background

¶ 2 Defendant owned real property and hired a general contractor to build a house upon it. Before or during construction, the general contractor discovered that part of the property was located in a floodplain. However, the contractor did not inform defendant of that fact.

¶ 3 Plaintiffs and defendant entered into a contract to purchase the house. Defendant filled out a Seller's Property Disclosure form that asked numerous questions regarding the condition of the house and the land. As it relates to this appeal, the section entitled "Environmental Conditions" asked whether, "To Seller's current actual knowledge ... any of the following conditions now exist or have ... ever existed: ... (14) Within governmentally designated Flood Plain area." Each item included boxes entitled "Yes," "No," "Do Not Know," and "Comments" for the seller to respond to the questions.

¶ 4 Defendant filled out every page of the disclosures, including the pages asking about environmental conditions, by writing "New Construction" diagonally across the page. He did not check any boxes. Before buying the house, plaintiffs were never informed that part of the property was located in a floodplain.

¶ 5 Approximately five years after purchasing the home, heavy rains caused severe flooding and damage to the basement of the house. Plaintiffs sued defendant, alleging that he fraudulently concealed knowledge of the floodplain to induce plaintiffs to buy the

house. During a bench trial, defendant denied having any personal knowledge of the floodplain at the time of the sale. Defendant also denied that his general contractor or any subcontractors had informed him of the existence of the floodplain.

¶ 6 The trial court found in favor of defendant, concluding that plaintiffs had not proved that defendant knew that part of the property was in a floodplain, and this appeal followed.

## II. Imputed Knowledge and Fraudulent Concealment

¶ 7 Plaintiffs assert that the trial court erred in failing to impute to defendant the general contractor's knowledge that part of the property was in a floodplain. They contend that the trial court thus employed an improper legal standard requiring them to prove defendant had actual knowledge of that fact. We disagree.

### A. Standard of Review

¶ 8 We review a judgment entered after a trial to the court as a mixed question of fact and law. *Lawry v. Palm*, 192 P.3d 550, 558 (Colo.App.2008). "We defer to the court's credibility determinations and will disturb its findings of fact only if they are clearly erroneous and not supported by the record.... We review de novo the court's application of the governing legal standards." *Id.*

### B. Law

¶ 9 To succeed on a claim of fraudulent concealment, a plaintiff must prove the following elements:

(1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*Kopeikin v. Merchs. Mortg. & Trust Corp,* 679 P.2d 599, 601 (Colo.1984); *Maxwell v.*

*United Servs. Auto. Ass'n.,* 2014 COA 2, ¶ 19, ―― P.3d ――.

¶ 10 "In order to prevail on a claim of fraudulent concealment, a plaintiff must show that a defendant *actually* knew of a material fact that was not disclosed. It is not enough that the defendant should have or might have known this fact." *Ackmann v. Merchs. Mortg. & Trust Corp.,* 645 P.2d 7, 13 (Colo. 1982) (emphasis added); *see also Kopeikin,* 679 P.2d at 601; *Meyer v. Schwartz,* 638 P.2d 821, 823 (Colo.App.1981) (actual knowledge of the fact allegedly concealed is an essential element of fraudulent concealment).

¶ 11 In *Wright v. Vail Run Resort Community Ass'n,* 917 P.2d 364, 365 (Colo.App. 1996), a division of this court interpreted the term "actual knowledge" in the context of the Landowner Liability Act, section 13–21–115(3)(b), C.R.S.2013, as follows:

Here, the term "actual" commonly means something real, active, or existent, as contrasted to something potential or possible, and the term "know" means to have a cognizance, consciousness, or awareness of something.... Applying the common meanings of the words here, we conclude that the liability of a landowner to a licensee under § 13–21–115(3)(b) is to be limited to situations in which the landowner possesses an active awareness of the dangerous condition.

¶ 12 This interpretation is similar to that set forth in the Restatement (Second) of Agency § 9 cmt. c (1958):

For the purposes of this Restatement, knowledge means conscious belief.... For legal purposes, in contrast with "reason to know" and "should know", knowledge requires awareness of a fact or condition. In the non-agency field this distinction becomes important in a great variety of situations. Thus deceit, in the older common law sense, can be committed only by a person who is conscious that what he is saying is untrue or who knows that he does not know the facts.

¶ 13 Thus, in the context of fraudulent concealment, a defendant must have an active or conscious belief or awareness that

he is concealing a fact. Accordingly, "actual" knowledge, as the term itself connotes, is different from "imputed" knowledge. *See Clown's Den, Inc. v. Canjar,* 33 Colo.App. 212, 215, 518 P.2d 957, 959 (1973) (differentiating between imputed knowledge of an agent and actual knowledge of the principal).

¶ 14 In *Denver Business Sales Co. v. Lewis,* 148 Colo. 293, 299, 365 P.2d 895, 898 (1961), the supreme court held:

> In an action based on fraud, which generally involves a corrupt motive, one cannot be held liable for concealing a condition concerning which he had no knowledge. The rule applicable to certain negligence cases which imposes liability for acts of omission or commission which might have been averted by the exercise of reasonable prudence in ascertaining the existence of a fact or condition, has no application to cases based on fraud and deceit.... [T]his court did not intend to establish a precedent that liability for fraud based upon nondisclosure could be established without proof of actual knowledge of the fact allegedly concealed.

(Internal quotation marks and alterations omitted.)

### C. Application

¶ 15 Here, the trial court found that plaintiffs failed to prove defendant's knowledge of the floodplain at the time of sale. On appeal, plaintiffs do not contest the trial court's factual finding that, in effect, defendant had no active or conscious belief or awareness of the existence of the floodplain. Under these circumstances, because Colorado law concerning fraudulent concealment requires proof that defendant had *actual* knowledge of the information allegedly concealed, we conclude that the court did not apply the wrong legal standard.

¶ 16 However, the question remains whether, as plaintiffs contend, the law permits the knowledge of defendant's general contractor to be imputed to defendant so as to satisfy the requirement of actual knowledge in a fraudulent concealment claim. We conclude that it does not.

¶ 17 Plaintiffs, citing *Gray v. Blake,* 131 Colo. 560, 283 P.2d 1078 (1955), and *Denver, S.P. & P. R.R. Co. v. Conway,* 8 Colo. 1, 5 P. 142 (1884), rely upon the agency principle, with which we agree, that knowledge of an agent generally is imputed to the principal. In those cases, however, "actual knowledge" was not at issue, nor was there a claim for fraudulent concealment. And plaintiffs have not cited, nor have we found, any case in which an agent's knowledge has been imputed to a principal sufficient to meet the actual knowledge element of a fraudulent concealment claim. To the contrary, the authorities appear to dictate a contrary result.

¶ 18 The quotation from the Restatement (Second) of Agency § 9 recited above notes that deceit, in the older common law sense (as here), can be committed only by a person who is conscious that what he is saying is untrue. Imputation of what an agent knows but has not communicated to his principal would appear to be incompatible with the consciousness requirement.

¶ 19 This view is confirmed by Restatement (Second) of Agency § 286, which deals with notice. That section states the general rule that notice given to an agent is notice to the principal, but that, where the state of mind of a principal is a factor, such notice does not impose liability when actual knowledge or conscious awareness of a fact must be proved as an element of a claim for relief:

> If the state of mind of a principal in a transaction is a factor, a notification by a third person giving information to an agent who does not communicate it to the principal does not operate with like effect as a similar notification given to the principal.... [I]n deceit ... situations, the motive and knowledge with which an act is done is a factor in the existence of a cause of action. Information given to an agent for the purpose of notice does not, of itself, give information to the principal.... If the agent fails to transmit the information ... the principal is not responsible in an action in which a consciousness of the fact not revealed is a necessary element.

Restatement (Second) of Agency § 268 cmt. d.

¶ 20 Hence, in the context of a fraudulent concealment claim, knowledge of the information by the agent, when not communicated to the principal, is not deemed to be that of the principal. Thus, it follows that a plaintiff cannot rely upon or request imputation of the knowledge of an agent to establish actual knowledge, or conscious awareness, on the part of the principal. *See* Restatement (Third) of Agency § 5.03 cmt. d (2006) ("Particular legal consequences may depend on a combination of knowledge . . . plus a specific intention. For example, a claim of fraud may require that a person who misstated a material fact have made the misstatement intending to defraud the person to whom the statement was made."); *see also Anderson v. Kriser*, 266 P.3d 819, 825 (Utah 2011) (in upholding summary judgment for the seller of property on fraudulent concealment claim involving a soil defect: "when a defendant does not have actual knowledge of a nondisclosed fact, it is both unreasonable and illogical to infer that the defendant intended to conceal that fact").

¶ 21 Restatement (Second) of Agency § 275 also casts light on the issue. That section states a general principle that

> *except* where the agent is acting adversely to the principal or *where knowledge as distinguished from reason to know is important*, the principal is affected by the knowledge which an agent has a duty to disclose to the principal or to another agent of the principal to the same extent as if the principal had the information.

(Emphasis added).

Thus, when an agent has information that he has a duty to disclose, the principal may be liable *except where* actual knowledge is important. Comment b to that section distinguishes "knowledge," as required in fraud claims, from "reason to know," the lesser negligence standard, stating:

> If knowledge, as distinguished from reason to know, is the important element in a transaction, and the agent who has the knowledge is not one acting for the principal in the transaction, the principal is not affected by the fact that the agent has the knowledge. In many situations, in order for one to be responsible, it is necessary

that the act should be done with knowledge in a subjective sense, and it is not sufficient that one has means of information.

Restatement (Second) of Agency § 275 cmt. b.

¶ 22 Comment b describes the situation here. Assuming, without deciding, that the general contractor was defendant's agent, he had knowledge that the property was in the floodplain, which he had an obligation to disclose to defendant. But the contractor did not act as defendant's agent in selling the property to plaintiffs—he merely built a house that defendant later sold. Under these circumstances, defendant "is not affected by the fact that [the contractor] ha[d] the knowledge."

¶ 23 Accordingly, we conclude that the general contractor's knowledge cannot be imputed to defendant to support the claim of fraudulent concealment. *See Brickell v. Collins*, 44 N.C.App. 707, 262 S.E.2d 387, 390 (1980) (negligence of brick masons in failing to properly space metal ties would be imputed to the seller of a newly completed house when claims for negligence, breach of contract, or breach of implied warranty are asserted, but mason's knowledge of the improper spacing is not imputed to the seller so as to attribute actual knowledge, a necessary element of fraud).

¶ 24 Hence, the trial court did not err by failing to impute the general contractor's knowledge to defendant.

### III. Conclusion

¶ 25 The judgment is affirmed.

JUDGE RICHMAN and JUDGE ASHBY concur.