COLORADO COURT OF APPEALS                                    **2016COA171**

Court of Appeals No. 15CA2085
Pueblo County District Court No. 14CV30856
Honorable Kimberly Karn, Judge

Lisa Maldonado and the Estate of Jacob Maldonado,

Plaintiffs-Appellants,

v.

Dennis Pratt and Karon Pratt, a/k/a Karen M. Pratt,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE HARRIS
Dailey and Furman, JJ., concur

Announced November 17, 2016

Earl & Earl, PLLC, Collin J. Earl, Ryan T. Earl, Colorado Springs, Colorado, for
Plaintiffs-Appellants

Nathan, Bremer, Dumm & Myers, P.C., Mark H. Dumm, Kaitlin M. Akers,
Denver, Colorado, for Defendants-Appellees

¶ 1    In this appeal, we must determine whether an amended complaint's new claim against a new defendant, asserted after the statute of limitations has run, relates back to the date of the original complaint.

¶ 2    Plaintiffs Lisa Maldonado and the Estate of Jacob Maldonado (collectively, the Estate) sued Dennis Pratt II (Pratt Jr.) for wrongful death, in connection with Pratt Jr.'s fatal shooting of Jacob Maldonado (Maldonado).  Months later, after the statute of limitations had run on any negligence claims, the Estate sought to amend its complaint to add a new claim under the Premises Liability Act against Pratt Jr.'s mother (Karen) and father Dennis Pratt (Pratt Sr.) (collectively, the Pratts).  The Estate contended that it had recently learned that the Pratts, not Pratt Jr., owned the property where the shooting occurred.

¶ 3    We conclude, as the district court did, that the Pratts did not have timely notice of the original action.  Accordingly, the amended complaint does not relate back to the original complaint and the Estate's claim is time barred.

¶ 4    We therefore affirm the district court's entry of judgment in favor of the Pratts.

## I.     Background

¶ 5     The Pratts and Pratt Jr. own adjacent properties in a rural area near Pueblo, Colorado.  Pratt Jr. stored used car parts on his property, in a spot located about a quarter mile from his parents' house.

¶ 6     Pratt Jr. began to suspect that someone was stealing the car parts.  On the night of October 16, 2012, he drove his truck to the storage area.  When he saw beams from three flashlights approaching the area, he got out of his truck and fired his rifle in the direction of the lights, killing Maldonado.

¶ 7     A jury convicted Pratt Jr. of negligent homicide and he was sentenced to six years' imprisonment.

¶ 8     On September 16, 2014, one month before the end of the limitations period, the Estate filed a wrongful death action against Pratt Jr., alleging a single claim of negligence based on his act of shooting Maldonado.  The complaint was served on Pratt Jr. at the Department of Corrections (DOC), where he was serving his sentence.

¶ 9     On April 1, 2015, the Estate filed an amended complaint, retaining the wrongful death claim against Pratt Jr. but asserting

an additional claim against the Pratts under the Premises Liability Act (PLA), section 13-21-115, C.R.S. 2016. As the Estate later explained, the Pratts' insurance company had conducted an investigation of the Estate's claim against Pratt Jr. in January 2015, and had determined that the property where the shooting occurred was owned by the Pratts, not by Pratt Jr.[1]

¶ 10 The Pratts filed a motion for judgment on the pleadings and/or for summary judgment, arguing that the two-year statute of limitations had run and, therefore, the claim against them was time barred.[2] The Estate countered that, under C.R.C.P. 15(c), the amended complaint related back to the original complaint.

¶ 11 The district court disagreed, concluding that the Pratts did not have notice of the original lawsuit and, even if they had received

---

[1] In their reply brief, the Estate contends that the location of the shooting is a disputed issue of material fact. It does not appear from the record on appeal that the Estate ever alerted the district court to this supposed factual dispute, and we will not consider an issue raised for the first time in a reply brief on appeal. *People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990). In any event, we are not persuaded that the location of the shooting is a material fact; instead, the fact of consequence is that the Pratts owned the property where the shooting occurred, a point the Pratts appear to concede.

[2] The statute of limitations for a negligence claim under the PLA is two years. § 13-80-102(1)(a), C.R.S. 2016. The cause of action accrues on the date of death. § 13-80-108(1), C.R.S. 2016.

notice, they would not have expected that, but for a mistake in pleading, they would have been named as defendants in the wrongful death action.  Accordingly, the district court granted the Pratts' motion and entered judgment in their favor on the PLA claim.

## II.    Discussion

¶ 12     On appeal,[3] the Estate concedes that the statute of limitations for a PLA claim had already expired when it filed its amended complaint.  But it contends that, under C.R.C.P. 15(c), the new

---

[3] The Pratts correctly point out in their answer brief that the Estate's amended opening brief was filed one day late.  Generally, it is within the discretion of the court whether to dismiss or proceed with an appeal when a brief is filed late.  *See* C.A.R. 31(b); *Wilkinson v. Motor Vehicle Div.*, 634 P.2d 1016 (Colo. App. 1981).  The determination depends on the circumstances of the particular case.  *State ex rel. Dep't of Corr. v. Pena*, 788 P.2d 143, 147 (Colo. 1990); *Harris v. Reg'l Transp. Dist.*, 155 P.3d 583, 587 (Colo. App. 2006).  "In rare cases, conduct in prosecuting an appeal is so contrary to court rules and so disrespectful of the judicial process and the participants therein that the right to appellate review is forfeited."  *Martin v. Essrig*, 277 P.3d 857, 859-60 (Colo. App. 2011); *see also Warren Vill. Inc. v. Bd. of Assessment Appeals*, 619 P.2d 60 (Colo. 1980) (appeal dismissed after opening brief filed months late); *Wilkinson*, 634 P.2d at 1017 (appeal dismissed for failure to file an opening brief after a fifteen-day extension).  In our view, the eight-hour delay in filing the amended opening brief does not implicate the integrity of the judicial process and, as the parties have fully briefed the issues, we choose to reach the merits of this case.

claim against the Pratts related back to the date of the original wrongful death action and was therefore timely.

## A. Standard of Review

¶ 13 The Pratts' motion was denominated a motion for judgment on the pleadings pursuant to C.R.C.P. 12(c) or, alternatively, a motion for determination of a question of law pursuant to C.R.C.P. 56(h). By considering evidence outside the pleadings, the court treated the motion as a motion under Rule 56. *Shaw v. City of Colorado Springs*, 683 P.2d 385, 387 (Colo. App. 1984). We review a trial court's decision granting summary judgment de novo. *Oasis Legal Fin. Grp., LLC v. Coffman*, 2015 CO 63, ¶ 30.

¶ 14 Summary judgment is appropriate only if the pleadings and supporting documents demonstrate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Laughman v. Girtakovskis*, 2015 COA 143, ¶ 8. In determining whether summary judgment is proper, a court grants the nonmoving party any favorable inferences reasonably drawn from the facts and resolves all doubts in favor of the nonmoving party. *Cikraji v. Snowberger*, 2015 COA 66, ¶ 16.

¶ 15    We also review de novo a trial court's interpretation of a rule of civil procedure.  *City & Cty. of Broomfield v. Farmers Reservoir & Irrigation Co.*, 239 P.3d 1270, 1275 (Colo. 2010).

### B.    Rule 15(c) and the Relation-Back Test

¶ 16    A new claim or defense asserted in an amended pleading against the existing party or parties relates back to the date of the original pleading so long as the new claim or defense arises out of the same conduct, transaction, or occurrence.  C.R.C.P. 15(c).

¶ 17    But when the amended pleading seeks to add a new party — not simply a new claim against an existing party — Rule 15 adds two additional requirements, both focused on notice to the new party: first, the new party must have received such notice of the action within the period provided by C.R.C.P. 4(m) for serving the summons and complaint that he would not be prejudiced, and, second, having received such notice, the new party must have known or reasonably should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her.  *Id.*[4]

---

[4] This provision of C.R.C.P. 15(c) concerns amendments "changing the party against whom a claim is asserted . . . ."  Like most courts

¶ 18    Under modern pleading rules, requests to amend should be freely granted and liberally construed. *Eagle River Mobile Home Park v. Dist. Court*, 647 P.2d 660 (Colo. 1982). Rule 15(c) is a remedial tool that reflects a balance between this policy of liberally permitting amendments and ensuring the reliable application of statutes of limitation. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 467-68 (4th Cir. 2007);[5] *Chaplake Holdings, LTD v. Chrysler Corp.*, 766 A.2d 1, 7 (Del. 2001). By focusing on notice to the new party and the amendment's effect on the new party, Rule 15(c) promotes the administration of justice by allowing cases to be decided on the merits, rather than on mere technicalities, *Pan v. Bane*, 141 P.3d 555, 559 (Okla. 2006), and, when appropriate, also gives

---

that have addressed the scope of the provision, we conclude that it applies as well to amendments *adding* a party. *See Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1192 n.13 (3d Cir. 1994) (Becker, J., concurring in part and dissenting in part) (collecting cases); *see also* 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1498.2 (3d ed. updated 2016) ("Many courts have liberally construed the rule to find that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule.").

[5] When a state rule is similar to a Federal Rule of Civil Procedure, courts may look to federal authority for guidance in construing the state rule. *Benton v. Adams*, 56 P.3d 81, 86 (Colo. 2002). The federal rule has always been substantially similar to our rule and the current version is nearly identical to C.R.C.P. 15.

defendants "predictable repose from claims after the passage of a specified time," *Goodman*, 494 F.3d at 468-70.

¶ 19     In light of these interests, notice is considered the touchstone of Rule 15(c) and is "strictly required."  *Currier v. Sutherland*, 215 P.3d 1155, 1161 (Colo. App. 2008), *aff'd*, 218 P.3d 709 (Colo. 2009); *see also Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969) (the addition or substitution of parties who had no notice of the original action is "not allowed").  Notice "serves as a yardstick for evaluating whether or not amending the complaint will cause the new defendant to suffer prejudice if he or she is forced to defend the case on the merits."  *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 129 (D.R.I. 2004).  Thus, an amendment is permitted to relate back only where a new party had timely knowledge of the original action and the original complaint provided fair and adequate notice of the new claim in the amended complaint.  *See Currier*, 215 P.3d at 1162.

C.     Did The Pratts Have Notice of the Original Lawsuit Within the Period Prescribed by C.R.C.P. 4(m)?

¶ 20     The Pratts concede that the Estate's PLA claim arises out of the same conduct, transaction, or occurrence as the negligence

8

claim asserted against Pratt Jr. in the original complaint.  But they argue that the Estate cannot satisfy elements two or three of the relation-back test: notice within the prescribed period and knowledge that they should have been defendants in the lawsuit. We agree that the Estate failed to demonstrate a genuine factual dispute regarding whether the Pratts had notice of the original lawsuit within the prescribed time period.

¶ 21    An amendment will not relate back to the original complaint under Rule 15(c) unless the new party receives notice of the institution of the action within the period provided by Rule 4(m).[6] *Cf. Garcia v. Schneider Energy Servs., Inc.*, 2012 CO 62, ¶ 13 (under Fed. R. Civ. P. 15, the phrase "within the period provided by Rule 4(m) for serving the summons and complaint," means that the new party must receive notice within a prescribed period after a complaint is filed); *see Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001) (this element of relation-back test requires both notice and absence of prejudice).

---

[6] Notice of "the institution of the action" means notice of the lawsuit, not notice of the events giving rise to the cause of action. *Lundy*, 34 F.3d at 1188 (Becker, J., concurring in part and dissenting in part).

¶ 22    Under C.R.C.P. 4(m), the plaintiff must serve his summons and complaint within sixty-three days after the complaint is filed. The Estate filed its original complaint on September 16, 2014. Thus, to satisfy the second element of the test, the Estate had to show that, by November 18, 2014, the Pratts had notice of the action against Pratt Jr.

¶ 23    The district court found that there was no evidence that the Pratts had actual notice of the lawsuit before the end of the limitations period on October 16, 2014.[7]  Though the district court's finding misconstrued the relevant date for purposes of Rule 15(c), the Estate did not offer any evidence to establish that the Pratts had actual notice of the complaint before November 18, 2014.

---

[7] The district court determined that the Pratts first learned of the lawsuit in January 2015, after Pratt Jr.'s lawyer contacted the Pratts' insurance company seeking a determination of whether the Estate's claim against Pratt Jr. was covered by the Pratts' policy. The scant evidence submitted to the district court supports the court's finding.  On January 7, 2015, Pratt Jr.'s lawyer submitted a claim and a copy of the complaint to the Pratts' insurance company for a determination of coverage.  On January 19, 2015, having completed its investigation, the insurance company responded to Pratt Jr.'s lawyer with a denial of the claim, explaining that, although the shooting incident appeared to have occurred on the Pratts' property, Pratt Jr. was not covered under the policy because he was not a resident of the Pratts' household.

¶ 24    Rather, the Estate argues that actual notice was not required because notice to Pratt Jr. could be imputed to the Pratts under the "identity of interest" doctrine.  Parties have an identity of interest when they are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other."  *Spiker v. Hoogeboom*, 628 P.2d 177, 179 (Colo. App. 1981) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1499, at 517 (1971)).

¶ 25    Ordinarily, the identity of interest doctrine is applied to corporate parties: a parent and its subsidiary, for example, or related corporations whose officers, directors, or shareholders are substantially identical and who may have similar names or conduct their businesses from the same offices.  6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1499 (3d ed. updated 2016); *see also Brooks v. Isinghood*, 584 S.E.2d 531, 543 n.10 (W. Va. 2003) (identity of interest usually present between parent and subsidiary, related corporations, and co-executors of estate).

¶ 26     Analogizing to cases of corporate misnomer, the Estate insists that notice to Pratt Jr. could be imputed to Pratt Sr. because they have the same name.  But similarity of names alone is not meaningful.  In the corporate misnomer context, the similarity matters because it emphasizes the interrelatedness of the corporate entities and helps to explain any error in identifying the proper party.  The rationale does not apply to individuals: we do not typically presume that two people who happen to have the same name operate as one unit whose interests are aligned.  And the Estate has never alleged any misidentification of proper parties based on the similarity of Pratt Jr. and Pratt Sr.'s names; rather, it asserts that, based on the police reports, it mistakenly believed that Pratt Jr. was the owner of the property where the shooting occurred.[8]  *Cf. Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010) (plaintiff allowed to amend complaint to correctly identify carrier liable for her injury as Costa Crociere, instead of Costa Cruise).

---

[8] In any event, the analogy to corporate misnomer cases does not apply even superficially to Karen, who was also named in the amended complaint as a defendant.

¶ 27   The Estate also points to evidence that Pratt Jr. visited his parents frequently and that he and Pratt Sr. had common hobbies. But these facts also fail to demonstrate an identity of interest.

¶ 28   To be sure, under certain circumstances, notice can be imputed from a child to a parent (or vice versa) under an identity of interest theory. Courts have found an identity of interest between parents and their minor children who live at home. *See Sadlowski v. Benoit*, No. 9801859, 2008 WL 2745157 (Mass. Super. Ct. June 26, 2008) (unpublished opinion) (parents and minor daughter had identity of interest such that findings in prior lawsuit prosecuted by parents were binding on daughter), *aff'd*, 917 N.E.2d 260 (Mass. App. Ct. 2009); *Sulzen v. Williams*, 977 P.2d 497, 501 (Utah Ct. App. 1999) (notice to parents could be imputed to minor children living at the home where service was effectuated). Courts have also recognized an identity of interest between a parent and child who share a lawyer or are covered under the same insurance policy. *See Denver v. Forbes*, 26 F.R.D. 614 (E.D. Pa. 1960) (minor daughter living at home and sharing same insurer as parents was substituted for mother after daughter was correctly identified as the driver of the car involved in an accident); *Phillips v. Gieringer*, 108

13

P.3d 889 (Alaska 2005) (notice imputed from father, who was the owner of the car, to son, who was the driver, where both were insured under the same policy); *Pan*, 141 P.3d 555 (minor daughter lived at home and shared same attorney and insurance company as her parents; thus, notice of the suit was imputed to her, as the actual driver and proper defendant in a case arising out of traffic accident).

¶ 29 In these cases, notice is attributed to the other person either because the insurance company or the lawyer has a duty to represent both parties' interests, *see, e.g., Phillips*, 108 P.3d at 894-95, or because the legal fates of the parent and child are so intertwined that they constitute one unit for purposes of the litigation, *see Sadlowski*, 2008 WL 2745157, at *4; *see also Williams v. United States*, 405 F.2d 234, 239 (5th Cir. 1968) (because liability of the minor would give rise to a liability of the parent, identity of interest between mother and child existed).

¶ 30 But here, Pratt Jr. was not a minor and he did not live with the Pratts. Prior to his incarceration, he lived with his wife and children in a separate residence. At the time he was served with the summons and complaint, he was in the custody of the DOC.

14

Pratt Jr. and the Pratts were not represented by the same lawyer or covered by the same insurance policy. And Pratt Jr. and the Pratts did not share the same legal position with respect to the claims asserted. *See Penrose v. Ross*, 71 P.3d 631, 636 (Utah Ct. App. 2003) (father and son did not have identity of interest where defenses to claims were different and disposition as to father would not affect claim against son).

¶ 31 Imputing notice to one person based on actual notice to another is not the same as inferring that one person actually notified the other. *See Jehly v. Brown*, 2014 COA 39, ¶¶ 17-18 (actual knowledge is distinct from imputed knowledge); *see also In re Comp. of Muliro*, 359 Or. 736, 747-48, ___ P.3d ___, ___ (2016) (imputed notice is not received by the party to whom it is imputed; instead, imputed notice is attributed to a person because it was received by someone with a duty to disclose). Though the Estate claims to be making an imputation argument, in actuality it urges us to assume from the circumstances that Pratt Jr. told his parents (or at least Pratt Sr.) about the lawsuit.

¶ 32 On summary judgment, we ordinarily give the nonmoving party the benefit of all favorable inferences reasonably drawn from

the undisputed facts. *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 146 (Colo. 2007). But here, the record is devoid of any facts concerning communications between Pratt Jr. and the Pratts from October 23, 2014, the date Pratt Jr. was served with the complaint, to November 18, 2014, the date by which the Pratts had to receive notice of the lawsuit under Rule 15(c). Nor did the Estate claim that disputed issues of fact regarding notice precluded summary judgment, *see Montgomery v. U.S. Postal Serv.*, 867 F.2d 900, 904 (5th Cir. 1989) (whether new party received notice within time prescribed by Rule 15(c) is fact question), or seek additional time to discover evidence concerning the Pratts' notice of the lawsuit, *see Sundheim v. Bd. of Cty. Comm'rs*, 904 P.2d 1337, 1352 (Colo. App. 1995) ("In order to avoid the precipitous and premature grant of judgment against the opposing party, C.R.C.P. 56(f) affords an extension of time to utilize discovery procedures to seek additional evidence before the trial court rules on a motion for summary judgment."), *aff'd*, 926 P.2d 545 (Colo. 1996).

¶ 33　True enough, during the investigation by the Pratts' insurance company, Pratt Jr.'s wife reported that, at around the time of the shooting, Pratt Jr. saw his parents every day. But the Estate's

complaint alleged that Pratt Jr. was taken into custody on the day of the offense, October 16, 2012, and the record does not disclose any additional facts about Pratt Jr.'s contact with his parents during the two years preceding service of the complaint. We cannot reasonably infer that Pratt Jr. notified the Pratts of the lawsuit prior to November 18, 2014, based solely on his frequent visits to their home in 2012.

¶ 34 Accordingly, we agree with the district court that the Estate failed to satisfy the notice element of Rule 15(c)'s relation-back test. In light of this conclusion, we find it unnecessary to decide the additional question of whether the Pratts should have known that, absent a mistake, they would have been named as defendants in the original action.[9]

### III. Conclusion

¶ 35 We affirm the entry of summary judgment in favor of the Pratts.

JUDGE DAILEY and JUDGE FURMAN concur.

---

[9] By affirming on this ground, we do not mean to suggest that the district court erred in its conclusion that the original complaint would not have put the Pratts on notice of a PLA claim to be directed against them.