**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUSAN LOUISE MITCHELL,

Plaintiff-Appellant,

v.

THE CITY OF COLORADO
SPRINGS, COLORADO, a municipal
corporation; the COUNTY OF EL
PASO, COLORADO, a municipal
corporation; the COLORADO
SPRINGS DISTRICT ATTORNEY'S
OFFICE; BRUCE RAND in his
individual and official capacities;
DAVID A. GILBERT in his individual
and official capacities; GILBERT A.
MARTINEZ in his individual and
official capacities; and D. PEACOCK,
in her individual and official
capacities,

Defendants-Appellees.

No. 05-1480
(D.C. No. 05-cv-252-WDM-OES)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **O'BRIEN**, **PORFILIO**, and **ANDERSON,** Circuit Judges.

---

Plaintiff Susan Louise Mitchell appeals from a district court order dismissing her complaint with prejudice because it fell short of the pleading requirements of the Federal Rules of Civil Procedure and because the court concluded that her claims are barred by the *Rooker-Feldman* doctrine. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

## Background

From what we can divine from Mitchell's pleadings it appears that sometime between 2001 and 2003, she lost temporary custody of her two grandchildren following a domestic dispute with Charles Rombough. Although it appears that Mitchell was criminally charged by the district attorney's office in Colorado Springs, it is unclear from her pleadings what she was charged with and whether she was ever convicted of any crime. What is clear is that she believes the state court proceedings were unfair and biased against her and in favor of Rombough because he is a man and she is a woman.

On February 9, 2005, Mitchell filed a pro se complaint in federal court against the Office of the District Attorney for the Fourth Judicial District, the City of Colorado Springs, the County of El Paso, and various other public offices and officials that Mitchell believes were involved in investigating the dispute with Rombough or in the decision to remove her grandchildren from her home.

The complaint was 43 pages long and contained 127 numbered paragraphs in addition to numerous non-sequentially numbered footnotes. On February 24, 2005, she filed an amended complaint adding a dozen or so more defendants. The amended complaint was 47 pages long and contained 134 numbered paragraphs in addition to numerous footnotes. On March 1, 2005, a magistrate judge found Mitchell's complaints to be "verbose, prolix and virtually impossible to understand. . . . [A] rambling, massive collection of facts with no apparent organizational scheme, and . . . completely lacking in clarity and intelligibility." R. at tab 10, at 3. Accordingly, he issued an order *sua sponte* striking Mitchell's complaints for failing to comply with Rules 8(a) and 8(e)(1) of the Federal Rules of Civil Procedure and directing Mitchell to file an amended complaint that complied with Rule 8. He warned Mitchell that her case would be dismissed if she filed another unintelligible pleading.

On April 22, 2005, after being granted an extension, Mitchell filed her second amended complaint. This complaint repeated the same jumble of allegations contained in the first two complaints, but by single-spacing them, Mitchell managed to reduce the length of the complaint to 23 pages. Once again, however, the magistrate judge found Mitchell's pleading to be in violation of Rule 8. He summarized the problems with her second amended complaint as follows:

[P]laintiff's factual assertions remain rambling and incoherent. The claims section, which [is] clearly delineated as containing eight claims for relief, fail[s] to tie in the eleven and a half pages of random factual allegations that [precede] it and separately either contain[s] no apparent references to any factual bases relative to each title or [consists of] conclusory allegations that may or may not be relevant to the claim designated. Defendants are left with no notice – and certainly no fair notice – of the claims against which they must defend.

*Id.*, tab 29 at 5. Even a liberal reading of Mitchell's second amended complaint, the magistrate judge concluded, revealed no intelligible claims against any particular defendant. He determined that the second amended complaint, like Mitchell's prior two attempts, fell woefully short of Rule 8's requirements. Furthermore, he found that even if properly asserted, Mitchell's claims, which appeared to challenge the constitutionality of the state court proceedings, would be barred by the *Rooker-Feldman* doctrine.[1] The magistrate judge therefore issued a report pursuant to 28 U.S.C. § 636(b) recommending dismissal of Mitchell's second amended complaint with prejudice.

Over Mitchell's objection, the district court accepted the magistrate judge's recommendation by order dated October 19, 2005. The district court recognized

---

[1] The *Rooker-Feldman* doctrine, which takes its names from two United States Supreme Court cases (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)) "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 126 S. Ct. 1198, 1199 (2006) (quotations omitted).

that dismissal was an extreme sanction, but found, based on the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), that dismissal was warranted in this case.[2] It also agreed with the magistrate judge that to the extent any sense could be made of Mitchell's pleadings, her claims were barred under the *Rooker-Feldman* doctrine. Therefore, the district court dismissed Mitchell's claims with prejudice for her failure to comply with the court's March 1, 2005, order, her repeated violations of F.R.C.P. 8, and for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. This appeal followed.

**Analysis**

> We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules. It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice.

*Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citations and quotation omitted).

Based on our careful review of the record, we conclude that the district court did not abuse its discretion in dismissing Mitchell's second amended complaint with prejudice. The record reveals that the sanction of dismissal was not imposed lightly and that the district court unquestionably considered the

---

[2] The district court even considered two more complaints that Mitchell submitted after the magistrate judge's recommendation, but found them to be no more intelligible than her prior three attempts and still short of Rule 8's requirements.

relevant factors before determining that no other sanction would serve the interests of justice. Moreover, as this court has no more jurisdiction than the district court to review the challenged state court proceedings, we have no choice but to uphold the dismissal. Therefore, for the same reasons stated in the magistrate judge's April 29, 2005, report, which was fully adopted by the district court in its October 19, 2005, order of dismissal, the judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge