The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 26, 2020

**2020COA49**

**No. 18CA1128, *Carbajal v. Wells Fargo* — Civil Procedure — Relief From Judgment or Order — Fraud**

After plaintiff was convicted of various felony offenses, he sued the victim and her employer. The district court entered summary judgment in favor of the defendants. Several years later, plaintiff moved to set aside the summary judgment, alleging that the defendants in the earlier action, and their lawyers, had conspired to withhold documents and information in discovery and, as a result, summary judgment was erroneously entered. The district court construed plaintiff's amended complaint as a motion to set aside a judgment based on fraud under C.R.C.P. 60(b)(2) and dismissed it as untimely.

On appeal, the plaintiff contends that his complaint is an independent equitable action to set aside a judgment and therefore

not subject to the time limitation in Rule 60(b)(2).  While the "savings clause" of Rule 60(b) allows a party to bring an independent equitable action to set aside a judgment based on fraud or fraud on the court, a division of the court of appeals concludes that, as a matter of law, mere discovery violations do not constitute extrinsic fraud for purposes of satisfying the criteria for an independent action under Rule 60(b).

COLORADO COURT OF APPEALS      **2020COA49**

Court of Appeals No. 18CA1128
City and County of Denver District Court No. 17CV742
Honorable Jennifer B. Torrington, Judge

Dean Carbajal,

Plaintiff-Appellant,

v.

Wells Fargo Bank, N.A., a corporation; Melva Selectman, individually; Carol Dwyer, individually; Faegre Drinker Biddle & Reath LLP, a limited liability partnership; Marie Williams, individually; Jeffrey Roberts, individually; Holland & Hart LLP, a limited liability partnership; Michael Carrigan, individually; Brian Berardini, individually; and Brown Dunning Walker PC, a professional corporation,

Defendants-Appellees.

JUDGMENT AFFIRMED, ORDER VACATED,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE HARRIS
J. Jones and Brown, JJ., concur

Announced March 26, 2020

Dean Carbajal, Pro Se

Snell & Wilmer L.L.P., Byeongsook Seo, Cody Bourke, Denver, Colorado, for Defendants-Appellees Wells Fargo Bank, N.A., Melva Selectman, and Carol Dwyer

Wheeler Trigg O'Donnell LLP, Carolyn J. Fairless, Theresa Wardon Benz, Michael A. Blasie, Denver, Colorado, for Defendants-Appellees Faegre Drinker Biddle & Reath LLP, Marie Williams, Jeffrey Roberts, Holland & Hart LLP, and Michael Carrigan

Faraci Leasure, LLC, Paul A. Faraci, Glendale, Colorado, for Defendants-Appellees Brian Berardini and Brown Dunning Walker PC

¶ 1     Plaintiff Dean Carbajal appeals the dismissal of his independent equitable action to set aside a 2013 judgment based on alleged fraud.  He also appeals the court's order granting a permanent injunction limiting his right to file pro se actions against certain of the defendants.

¶ 2     Because the fraud Carbajal has alleged amounts only to discovery violations, we conclude that he cannot satisfy the criteria for bringing an independent action under C.R.C.P. 60(b).  Thus, we affirm the judgment dismissing Carbajal's amended complaint with prejudice.  But because the district court's order granting the injunction fails to comply with the requirements of C.R.C.P. 65(d), we vacate the order and remand for further proceedings.

I.     Background

¶ 3     In 2011, a jury convicted Carbajal of multiple offenses related to stalking his ex-girlfriend, a Wells Fargo bank teller.  He was sentenced to a lengthy term in the custody of the Department of Corrections.  The judgment of conviction was affirmed on appeal.  *People v. Carbajal,* (Colo. App. No. 12CA0410, June 30, 2016) (not published pursuant to C.A.R. 35(e)).

¶ 4     Shortly thereafter, he sued Wells Fargo Bank, the teller, and two other employees, asserting claims for invasion of privacy, breach of fiduciary duty, and breach of contract.  The complaint alleged that the teller had used her position at the bank to gain unauthorized access to Carbajal's private account information and then had used the information to extort him.  Carbajal claimed that the bank and the other employees were vicariously liable for the teller's actions.

¶ 5     The district court granted summary judgment for the defendants on multiple grounds, including that Carbajal had failed to demonstrate any damages and that, as alleged, the teller was necessarily acting outside the scope of her employment for purposes of the vicarious liability claims.  Carbajal appealed, and a division of this court affirmed.  *See Carbajal v. Wells Fargo*, (Colo. App. No. 13CA1473, Jan. 29, 2015) (not published pursuant to C.A.R. 35(f)) (*Carbajal I*).

¶ 6     In 2017, Carbajal filed the current lawsuit, alleging discovery misconduct during *Carbajal I* by Wells Fargo Bank, the two previously named employees, and the bank's lawyers (the Wells

Fargo defendants), as well as by the law firm and lawyer who had represented the bank teller (the H&H defendants).[1]

¶ 7    The claims were ostensibly prompted by an investigation by the Consumer Financial Protection Bureau (CFPB) that uncovered widespread improper banking practices at Wells Fargo. Specifically, as alleged in the complaint, a CFPB report exposed bank employees' practices (spurred by employee incentive programs) of opening customer accounts and enrolling customers in banking services without their consent.

¶ 8    The gist of Carbajal's complaint is that the Wells Fargo and H&H defendants conspired to conceal and withhold information about these improper banking practices "with the intent and understanding to derail [*Carbajal I*]." The complaint asserts claims for fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and conspiracy to defraud, based on allegations exemplified by the following:

---

[1] The Wells Fargo defendants are Wells Fargo Bank, N.A.; Melva Selectman; Carol Dwyer; Faegre Drinker Biddle & Reath LLP; Marie Williams; Jeffrey Roberts; Brian Berardini; and Brown Dunning Walker PC. The H&H defendants are Holland & Hart LLP and Michael Carrigan.

- "The [CFPB] exposed Wells Fargo's corrupt practices and, further, revealed the defendants' fraud and misrepresentation during the course of litigation."

- During discovery in *Carbajal I*, the defendants refused to disclose any evidence "that would have revealed the existence of a systemic problem with Wells Fargo's training and supervision." The evidence "would have established liability against" the *Carbajal I* defendants.

- "The Wells Fargo Defendants . . . worked together in the initial stages of litigation to conceal Wells Fargo's corrupt training, supervision, and fraudulent practices," and "carelessly or negligently violated" their obligations under C.R.C.P. 26. The conduct "misled Mr. Carbajal and the trial court."

- The Wells Fargo and H&H defendants intentionally concealed evidence and made misrepresentations during *Carbajal I* "to deceive Mr. Carbajal and [the trial court]" and to "prevent [Carbajal] from substantiating his claims against [the *Carbajal I* defendants]"; their conduct "ultimately induced the [trial court] to wrongfully dismiss" Carbajal's claims in *Carbajal I*.

4

- If the Wells Fargo and H&H defendants had not committed fraud "during the course of discovery and litigation," the [*Carbajal I*] Defendants' Motion for Summary Judgment would have failed and [*Carbajal I*] would have been heard on the merits."

Carbajal sought a remedy for the "loss of prior claims and entitlement to relief" in *Carbajal I.*

¶ 9     The Wells Fargo and H&H defendants separately moved to dismiss Carbajal's complaint under C.R.C.P. 12(b)(5), supplying numerous grounds for dismissal, including that the complaint constituted a motion to set aside a judgment under Rule 60(b)(2) and, as such, was time barred. In response, Carbajal filed a substantially identical amended complaint, as well as responses to the motions to dismiss. As relevant here, he asserted that his lawsuit was not subject to the deadline for Rule 60(b)(2) motions because it was an "independent equitable action."

¶ 10 The district court, in a thorough written order, granted the motions to dismiss on all grounds asserted by the defendants, including that the claims were time barred under Rule 60(b)(2).[2]

## II. Order Dismissing Carbajal's Action

¶ 11 The district court relied on multiple independent grounds for dismissal under Rule 12(b)(5). Carbajal challenges each ground on appeal.

## A. Standard of Review

¶ 12 We review de novo a district court's ruling on a motion to dismiss under Rule 12(b)(5). *Prospect Dev. Co. v. Holland & Knight, LLP*, 2018 COA 107, ¶ 10. We apply the same standards as the

---

[2] On appeal, Carbajal argues that the district court erred by sua sponte dismissing his action, as the defendants' motions to dismiss challenged his original, not his amended, complaint. We reject that argument. For one thing, Wells Fargo filed a second motion to dismiss the amended complaint, and the district court considered the new allegations, including allegations related to the added claim for conspiracy to defraud. And in any event, because we conclude the complaint was time barred, any error by the district court in failing to await a motion by all the other defendants to dismiss the amended complaint was harmless. *See Schwartz v. Owens*, 134 P.3d 455, 457 (Colo. App. 2005) ("Even a technically flawed dismissal may be affirmed if it was entered as a matter of law and the party that lost its claim had adequate opportunity but did not offer any evidence or argument on which the claim could have survived.").

district court, accepting all of the factual allegations in the complaint as true and viewing those allegations in the light most favorable to the plaintiff. *Id.*

¶ 13 When the district court dismisses a complaint on several independently sufficient grounds, we may affirm on any single ground. But we may also affirm on a ground not considered by the district court, if supported by the record. *Taylor v. Taylor*, 2016 COA 100, ¶ 31.

### B. Independent Action to Set Aside the Judgment

¶ 14 Pursuant to Rule 60, a party may move to set aside a judgment on various grounds, including "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." C.R.C.P. 60(b)(2). A request to set aside a judgment under Rule 60(b)(2) must be made not more than 182 days from the date the judgment was entered.

¶ 15 Carbajal's complaint alleged that the defendants' fraud during the discovery process deprived him of an opportunity to pursue his claims in *Carbajal I* and resulted in entry of an erroneous judgment. Thus, the district court construed his complaint as a motion under Rule 60(b)(2) to set aside the summary judgment in *Carbajal I.*

Because the complaint was filed more than 182 days after the court entered summary judgment, the district court concluded that Carbajal's action was time barred.

¶ 16     On appeal, Carbajal does not dispute that he seeks to set aside the summary judgment based on the defendants' alleged fraud during the discovery process. Indeed, his briefing confirms that the action is an effort to "attack" and "invalidate" the "wrongful and fraudulent judgment" entered in *Carbajal I*.[3] But he says his complaint is not subject to the 182-day deadline because he filed an independent equitable action, not a motion under Rule 60(b)(2).

¶ 17     Rule 60(b) contains a "savings clause," *In re Marriage of Gance*, 36 P.3d 114, 116 (Colo. App. 2001), so that, in addition to setting aside a judgment on the grounds enumerated in Rule 60(b)(1)-(5), the district court may (1) "entertain an independent action to relieve a party from a judgment, order, or proceeding"; or (2) "set aside a

---

[3] Though Carbajal's amended complaint includes conclusory requests for various types of money damages, the substantive allegations in the body of his complaint do not provide a basis for construing it as anything other than an independent equitable action to set aside a judgment. *See Hansen v. Long*, 166 P.3d 248, 250 (Colo. App. 2007) (although the plaintiff ostensibly sought monetary relief, his allegations demonstrated that he was seeking relief in the nature of mandamus).

judgment for fraud upon the court," C.R.C.P. 60(b). Neither of these additional grounds is subject to a time limit.

¶ 18　　Carbajal contends that his complaint satisfies the criteria for bringing an independent action to set aside a judgment based on fraud. We disagree.

¶ 19　　An independent equitable action may be brought to attack a facially valid judgment on grounds of fraud. *Gance*, 36 P.3d at 117. However, relief is available only in "unusual and exceptional circumstances," *id.*, "to prevent a grave miscarriage of justice," *United States v. Beggerly*, 524 U.S. 38, 47 (1998).[4]

¶ 20　　To prevail, a plaintiff seeking relief must show that (1) the judgment should not, in equity and good conscience, be enforced; (2) he has a meritorious claim in the underlying case that led to the judgment; (3) fraud, accident, or mistake prevented him from pursuing his meritorious claim; (4) he is not at fault; and (5) there

---

[4] Our state rule and Fed. R. Civ. P. 60(b) are, in all relevant respects, substantively identical. "When a state rule is similar to a Federal Rule of Civil Procedure, courts may look to federal authority for guidance in construing the state rule." *Maldonado v. Pratt*, 2016 COA 171, ¶ 18 n.5.

is no adequate remedy at law. *See Dudley v. Keller*, 33 Colo. App. 320, 324, 521 P.2d 175, 177 (1974).

¶ 21 We turn first to the fraud element. Carbajal's claims are all premised on an allegation that, during the discovery process in *Carbajal I*, the Wells Fargo and H&H defendants concealed information, later made public by the CFPB, that Wells Fargo employees (with the tacit approval of Wells Fargo) had committed misconduct by opening new accounts for existing customers and enrolling existing customers in other banking services, all without the customers' consent. Carbajal says that this information should have been disclosed pursuant to Rule 26 and his "formal and informal [discovery] requests." Thus, at bottom, Carbajal alleges that the defendants committed discovery violations.

¶ 22 But those allegations are insufficient to support an independent action to set aside the judgment: "allegations of nondisclosure during pretrial discovery do not constitute grounds for an independent action under [Rule 60(b)]." *Mantis Transp. v. Kenner*, 45 F. Supp. 3d 229, 250 (E.D.N.Y. 2014) (citation omitted). If relief could be obtained through an independent action in a case where the most that could be charged against the defendants "is a

failure to furnish relevant information that would at best form the basis for a [Rule 60(b)(2)] motion," the strict 182-day time limit on such motions "would be set at naught." *Beggerly*, 524 U.S. at 46; *see also Gance*, 36 P.3d at 118 ("If the scope of fraud allowed to support an independent equitable action were identical to that allowed under C.R.C.P. 60(b)(2), the six-month time limit contained in that rule would be rendered essentially meaningless."). For that reason, fraud cognizable to maintain an untimely independent attack on a final judgment "has long been regarded as requiring more than common law fraud." *George P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 48 (1st Cir. 1995). Independent actions must be reserved for those cases presenting particularly egregious circumstances or clear injustices. *Beggerly*, 524 U.S. at 46.

¶ 23    Consistent with this view, Colorado law requires that the party asserting an independent action prove "extrinsic" rather than mere "intrinsic" fraud. *See, e.g.*, *Fritsche v. Thoreson*, 2015 COA 163, ¶¶ 14-17; *Gance*, 36 P.3d at 117. "Extrinsic fraud goes to the jurisdiction of the court to hear a case and amounts to a subversion of the legal process itself." *Gance*, 36 P.3d at 117. Extrinsic fraud occurs, for example, where a party is deceived into waiving service,

*id.*, or fraudulently induced into consenting to entry of final judgment, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 561 (7th Cir. 1999). In contrast, intrinsic fraud "pertains to an issue in the original action." *Gance*, 36 P.3d at 117. Classic examples of intrinsic fraud are perjury and nondisclosure between parties. *Id.* at 117-18.

¶ 24    We conclude that the alleged discovery violations in this case fall squarely within the category of "intrinsic fraud." The Wells Fargo and H&H defendants' alleged failure to disclose documents about Wells Fargo's banking practices is akin to a husband's failure to disclose assets and income in the course of a dissolution proceeding, which a division of this court characterized as intrinsic fraud. *See id.* at 118. The fact that the defendants' alleged discovery violations could not have been litigated or resolved in the underlying action does not turn what is at best common law fraud into extrinsic fraud. *See Fritsche,* ¶ 15. Nor do we see the alleged participation of counsel in the discovery process as dispositive. If in every case where a party was represented by counsel the opponent could set aside a judgment based on a purported discovery violation, the principle of finality would be rendered meaningless.

¶ 25    The nature of the alleged fraud is not Carbajal's only obstacle. Even if he could establish extrinsic fraud, he cannot show that the fraud prevented him from pursuing a meritorious claim in the underlying action. Relief pursuant to an independent action is appropriate only if the district court has a "reason to believe that vacating the judgment will not be an empty exercise." *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir. 1992). Here it would be.

¶ 26    As we have noted, in *Carbajal I* the district court entered summary judgment in favor of Wells Fargo bank, the teller, and the other two employees on Carbajal's claims for invasion of privacy, breach of fiduciary duty, and breach of contract. Carbajal insists that if he had obtained the concealed information about Wells Fargo's improper banking practices, he could have prevailed on his claims. We are not persuaded.

¶ 27    The invasion of privacy claim failed as a matter of law because Carbajal did not allege any damages, he presented no evidence of disclosure of his private information to third parties, and he could not establish vicarious liability for the teller's actions. *Carbajal I,*

13

slip op. at 14-15. In the present case, Carbajal appears to argue that the concealed information would have established Wells Fargo's vicarious liability. But there is no vicarious liability unless there is wrongdoing by the employee. *See Ferrer v. Okbamicael,* 2017 CO 14M, ¶ 30. And because Carbajal failed to present any evidence that his private information was disclosed to the public — an element of the claim entirely unrelated to the information purportedly withheld during discovery — he cannot prove any wrongdoing by the employees. So setting aside the judgment to allow him to pursue an invasion of privacy claim against the *Carbajal I* defendants would be an exercise in futility.

¶ 28    Nor could he prevail on his breach of fiduciary duty claim. The *Carbajal I* division determined that "none of the defendants owed Mr. Carbajal a fiduciary duty." Slip op. at 23. Evidence of Wells Fargo's improper banking practices does not affect that legal determination.

¶ 29    As for his breach of contract claims, the district court concluded, and the division agreed, that Carbajal did not have a contract with the teller or other employees, so there was no viable claim for breach of contract. *Id.* at 24. And although Carbajal had

a standard customer contract with Wells Fargo, the district court found that he could not prove his claim because he failed to present evidence of a breach or recoverable damages. The division agreed that, without evidence of disclosure of his private information to third parties, Carbajal's breach of contract claim failed as a matter of law. *Id.* at 24-26. Because the breach of contract claims do not depend on the content of any withheld documents or representations about the bank's practices, Carbajal cannot show that the discovery violations prevented him from pursuing these claims.

¶ 30 Finally, we have no difficulty concluding that Carbajal cannot satisfy the first criterion of an independent equitable action: that the judgment should not, in equity and good conscience, be enforced. As Carbajal himself acknowledged, he initiated *Carbajal I* for the purpose of obtaining "some information that w[ould] benefit [him] in [his] other cases" — specifically, his criminal cases. *Id.* at 20; *see also Carbajal v. Wells Fargo Bank*, No. 12CV689 (City and Cty. of Denver Dist. Ct. July 2, 2013) (order granting summary judgment) ("Mr. Carbajal testified that 'the only reason this suit

exists' was to obtain discovery from his criminal cases and to expose the purported abuses against him.").

### C.    Fraud on the Court

¶ 31    Interspersed throughout Carbajal's briefing are allegations that the Wells Fargo and H&H defendants' discovery violations constituted a fraud on the court.

¶ 32    Fraud on the court provides a separate ground for setting aside a judgment under the savings clause of Rule 60(b).  Fraud on the court is a concept closely aligned with, but even narrower than, extrinsic fraud.  *Gance*, 36 P.3d at 118.

¶ 33    Fraud between the parties does not constitute fraud on the court.  *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).  Fraud on the court "is defined in terms of its effect on the judicial process, not in terms of the content of a particular misrepresentation or concealment."  *Gance*, 36 P.3d at 118 (quoting 12 *Moore's Federal Practice* § 60.21[4][a] at 60-52 (3d ed. 1997)).  Thus, "[f]raud on the court must involve more than injury to a single litigant; it is limited to fraud that 'seriously' affects the integrity of the normal process of adjudication."  *Id.*

16

¶ 34     Carbajal relies primarily on *Foxley v. Foxley*, 939 P.2d 455 (Colo. App. 1996), to support his position that fraud purportedly involving a lawyer amounts to fraud on the court. That reliance is misplaced.

¶ 35     In *Foxley,* a division of this court concluded that dismissal under Rule 12(b)(5) was improper, as the plaintiff had sufficiently pleaded a fraud on the court. But there, the plaintiff alleged a complex scheme involving the presentation of a sham appraisal to the dissolution court, resulting in a $30 million discrepancy in the court's valuation of the distributable marital estate. *Id.* at 457-58.

¶ 36     *Foxley* presented an egregious case of fraud that tainted the court's decision-making process. Indeed, fraud on the court is usually found only in cases that involve "an 'unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter' involving an officer of the court." *Roger Edwards LLC v. Fiddes & Sons Ltd.*, 427 F.3d 129, 133 (1st Cir. 2005) (quoting *George P. Reintjes Co.*, 71 F.3d at 48 n.5).

¶ 37     Here, while Carbajal alleges a conspiracy to defraud involving multiple lawyers, his claim is actually that the lawyers agreed not to turn over documents in discovery. The "mere nondisclosure to an

17

adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule [60]." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (citation omitted); *see also LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180, 182-83 (2d Cir. 2010) ("Obstruction of discovery" indicates fraud on a single litigant, rather than fraud on the court.); *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (discovery violations do not constitute fraud on the court). Thus, as a matter of law, Carbajal's allegations do not establish fraud on the court.

¶ 38    In sum, Carbajal did not file his complaint within the time provided by Rule 60(b)(2), and he did not and cannot show that his claim for relief from judgment comes under one of the exceptions to the time limit. For these reasons, we conclude that the district court properly dismissed the complaint with prejudice as time barred. *See Se. Colo. Water Conservancy Dist. v. Cache Creek Mining Tr.*, 854 P.2d 167, 177 (Colo. 1993) (where party's complaint did not satisfy criteria for independent equitable action or motion to

set aside judgment based on fraud on the court, Rule 60(b)'s time limit barred the action).

### III. Order Granting Motion for Permanent Injunction

¶ 39 Contemporaneously with their motion to dismiss, the H&H defendants moved for a permanent injunction enjoining Carbajal from filing pro se actions against Holland & Hart or any of its lawyers without prior court approval. Certain of the Wells Fargo defendants later joined in the H&H defendants' motion. The district court granted the motion, but without making any findings or specifying the terms of the injunction.

¶ 40 On appeal, Carbajal generally contends that the injunction infringes his right to access the courts and is designed to punish him.

¶ 41 We review a district court's injunction enjoining pro se appearances for an abuse of discretion. *Bd. of Cty. Comm'rs v. Winslow*, 706 P.2d 792, 795 (Colo. 1985). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 29.

¶ 42 Carbajal has a constitutional right to access the state courts. Colo. Const. art. II, § 6. But under certain circumstances, that

right must yield to "the interests of other litigants and of the public in general in protecting judicial resources from the deleterious impact of repetitious, baseless pro se litigation." *Karr v. Williams*, 50 P.3d 910, 913 (Colo. 2002) (quoting *Winslow*, 706 P.2d at 794). While mere litigiousness is not grounds for an injunction prohibiting a party from proceeding pro se, no party may use the judicial process to harass or intimidate his adversaries. *Id.* at 914. When a party has abused the judicial process by filing duplicitous and groundless complaints and appeals, and other penalties have proven ineffective, an injunction is the proper remedy. *Id.*; *see also Bd. of Cty. Comm'rs v. Winslow*, 862 P.2d 921, 922-23 (Colo. 1993) (in determining whether to enjoin pro se appearances, a court may consider whether pro se litigant has a history of bringing cases summarily dismissed for failure to allege cognizable claims or failure to allege claims that have not been previously adjudicated).

¶ 43 As outlined in the H&H defendants' motion, Carbajal has a significant litigation history. Most relevant to the motion, this is the second time Carbajal has sued the lawyers involved in *Carbajal I.*

¶ 44 In 2012, while *Carbajal I* was pending, Carbajal filed an action in federal district court in Colorado against nineteen defendants,

20

including Michael Carrigan (who represented the teller-victim in *Carbajal I*) and Brian Berardini and Marie Williams (who represented Wells Fargo). As to Carrigan, Berardini, and Williams, Carbajal alleged, just as he does in this case, that the lawyers committed litigation misconduct — specifically, suppression and destruction of material evidence. His fifty-nine-page complaint, according to the federal magistrate judge who reviewed it, consisted of a "rambling, massive collection of facts" that were not organized into any manageable format. *Carbajal v. Morrissey*, No. 12-CV-3231, at 4 (D. Colo. Feb. 20, 2014) (quoting *Mitchell v. City of Colo. Springs, Colo.*, 194 F. App'x 497, 498 (10th Cir. 2006)). The "verbose" and "all-but impenetrable" complaint, *id.* at 13, placed an unjustified burden on the court to "ascertain [Carbajal's] claims and to determine whether each [was] viable," *id.* at 4. In the end, the magistrate judge's sixty-seven-page order recommended dismissal of all of Carbajal's claims against Carrigan, Berardini, and Williams. (Indeed, the order recommended dismissal of all but one of the claims against one of the defendants.)

¶ 45    Then, while the federal district court action was pending, Carbajal filed the present case. He submitted a 105-paragraph

complaint, again asserting claims of litigation misconduct against the defendants. Like his complaint in the federal case, his amended complaint in the current case is verbose and confusing; his pleading improperly shifts the burden to the court and the defendants to discern the precise nature of his claims. And, like the federal action, the current case turns out to be entirely lacking in merit.

¶ 46 Thus, in theory, we cannot say that it was manifestly arbitrary, unreasonable, or unfair for the court to impose certain conditions on Carbajal's right to continue to sue the lawyers involved in *Carbajal I.*

¶ 47 However, the court's order in this case does not comply with Rule 65(d). The rule provides that

> [e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.

¶ 48 The court did not prepare an order that set forth the reasons for issuing the injunction and described in reasonable detail the act or acts sought to be restrained. We therefore have no separate

22

order to review, and we cannot say with assurance that any injunction will conform to the rules or implement the relevant principles of law.

¶ 49     Accordingly, we vacate the court's order granting the H&H defendants' motion for a permanent injunction and remand to the district court to formulate a compliant injunction, if on remand the court again determines that an injunction is warranted.

## IV.   Conclusion

¶ 50     The judgment is affirmed.  The order granting the motion for a permanent injunction is vacated, and the case is remanded for further proceedings.

JUDGE J. JONES and JUDGE BROWN concur.