24CA0792 EBH v O'Hanlon 04-17-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0792
City and County of Denver District Court No. 11CV1731
Honorable Jon J. Olafson, Judge

E B H, LLC,

Plaintiff-Appellee,

v.

Kenneth O'Hanlon,

Defendant-Appellant.

JUDGMENT AFFIRMED AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE SULLIVAN
Freyre and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

Law Office of Michael Fossenier, LLC, Michael P. Fossenier, Greenwood Village, Colorado, for Plaintiff-Appellee

Kenneth O'Hanlon, Pro Se

¶ 1    Defendant, Kenneth O'Hanlon, appeals the district court's order denying his C.R.C.P. 60(b) motion in which he sought to reopen a 2011 case that plaintiff, E B H, LLC (EBH), voluntarily dismissed in 2012 with O'Hanlon's consent.  We affirm and remand the case with directions.

## I.    Background

¶ 2    This appeal is yet another chapter in the long-running dispute between O'Hanlon, EBH, EBH's members, and other litigants. Boiled down, O'Hanlon alleged that EBH and others unlawfully removed him as a member of AccessU2 Mobile Solutions, LLC (AccessU2), an entity in which EBH was also a member.  He also asserted that EBH and others wrongfully deprived him of the fair market value of certain patented technology that he developed. This controversy has triggered a slew of litigation.  *See, e.g., E B H, LLC, v. O'Hanlon*, (Colo. App. No. 16CA0828, Aug. 17, 2017) (not published pursuant to C.A.R. 35(e)) (*O'Hanlon I*); *O'Hanlon v. Hutchinson*, (Colo. App. No. 20CA1049, June 16, 2022) (not published pursuant to C.A.R. 35(e)) (*O'Hanlon II*); *O'Hanlon v. AccessU2 Mobile Sols. LLC*, (Colo. App. No. 21CA1997, Feb. 16, 2023) (not published pursuant to C.A.R. 35(e)) (*O'Hanlon III*); *see*

1

*also O'Hanlon v. AccessU2 Mobile Sols., LLC*, Civ. A. No. 18-CV-00185-RBJ-NYW, 2019 WL 1081079 (D. Colo. Jan. 22, 2019) (unpublished order).[1]  O'Hanlon hasn't prevailed in any of these cases.

¶ 3     This case involves a narrow subset of the larger dispute between O'Hanlon and EBH.  In 2011, EBH filed suit against O'Hanlon, alleging that O'Hanlon made fraudulent misrepresentations that induced EBH into providing him $15,000 to promote AccessU2.  According to EBH, O'Hanlon then misappropriated the funds for the benefit of his own company, Mobile Boomerang, LLC.  The parties stipulated to staying the case pending arbitration.  In 2012, EBH filed an unopposed motion to voluntarily dismiss the case without prejudice, which the district court granted.

¶ 4     Fast forward eleven years to 2023.  Representing himself, O'Hanlon moved to reopen the case under Rule 60(b).  Among other things, he alleged that (1) EBH and others had committed fraud upon the court by denying knowledge of Mobile Boomerang's

---

[1] This list of O'Hanlon's cases is by no means exhaustive.

existence; and (2) E B H, LLC (with spaces) is a different entity than EBH, LLC (without spaces). The district court denied O'Hanlon's motion as untimely. After O'Hanlon continued to file various pleadings, the court sua sponte enjoined him from filing any additional documents into the closed case. It found that his conduct had become egregious and interfered with the court's operations.

¶ 5     O'Hanlon appeals. We interpret his pro se contentions as follows: (1) EBH lacked standing to bring the 2011 case because it used a "deceptive" name that wasn't authorized by AccessU2; (2) the court erred by denying his Rule 60(b) motion as untimely and, instead, should have used its equitable powers to remedy EBH's fraud upon the court; and (3) the court abused its discretion by enjoining him from filing additional documents into the case. We reject these contentions, affirm the judgment, and conclude that EBH is entitled to recover its appellate attorney fees.

## II.    C.A.R. 28

¶ 6     At the outset, EBH contends that we shouldn't review O'Hanlon's contentions because his opening brief doesn't comply

with C.A.R. 28. Specifically, EBH points out that O'Hanlon's brief lacks the following:

- appropriate citations to the record when discussing the relevant facts, procedural history, and grounds for reversal, contrary to C.A.R. 28(a)(5) and 28(a)(7)(B);

- a statement of the standard of review for his fraud upon the court contention, contrary to C.A.R. 28(a)(7)(A); and

- an accurate certification that his brief doesn't exceed thirty pages, contrary to C.A.R. 28(g)(2) and C.A.R. 32(h).

¶ 7 We agree with EBH that O'Hanlon's brief violates several appellate rules. Nonetheless, we're able to discern at least some of the grounds upon which O'Hanlon challenges the district court's order. We will therefore address those specific contentions. *See Johnson v. McGrath*, 2024 COA 5, ¶ 10 (explaining that we can't "rewrite a pro se litigant's pleadings" or act as their advocate); *Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (declining to address the propriety of the trial court's order where the plaintiff "fail[ed] to identify any specific errors committed by the trial court").

## III. Standing

¶ 8    O'Hanlon first contends that EBH lacked standing to bring the 2011 case because it filed the lawsuit under a "deceptive" name — EBH, LLC, rather than E B H, LLC (with spaces).  As best we can tell, O'Hanlon believes this defect precluded EBH from bringing suit on AccessU2's behalf.  O'Hanlon asserted a permutation of this same contention in *O'Hanlon I,* which the division rejected on procedural grounds.  *O'Hanlon I,* slip op. at 4.  We, too, reject O'Hanlon's standing argument.

¶ 9    A plaintiff's standing implicates the court's subject matter jurisdiction.  *Nonhuman Rights Project, Inc. v. Cheyenne Mountain Zoological Soc'y,* 2025 CO 3, ¶ 20.  A plaintiff must have standing to bring a legal action.  *Id.*  To have standing, a plaintiff must establish that (1) they suffered an injury in fact, and (2) their injury was to a legally protected interest.  *Hickenlooper v. Freedom from Religion Found., Inc.,* 2014 CO 77, ¶ 8 (citing *Wimberly v. Ettenberg,* 570 P.2d 535, 539 (Colo. 1977)).  We review issues of standing de novo.  *Barber v. Ritter,* 196 P.3d 238, 245 (Colo. 2008).

¶ 10    For two reasons, we disagree with O'Hanlon's argument that EBH lacked standing.

¶ 11     First, contrary to O'Hanlon's assertion, EBH brought its 2011 complaint under its correct name — E B H, LLC.  While its complaint at times referred to itself for simplicity as "EBH" (just as we have in this opinion), its use of that defined moniker had no impact on its standing.

¶ 12     Second, even if O'Hanlon's standing argument had merit, we decline to disturb the court's order because O'Hanlon's substantial rights weren't affected.  *See* C.R.C.P. 61; C.A.R. 35(c).  A dismissal without prejudice effectively operates as a final judgment after the statute of limitations period expires.  *See Spiremedia Inc. v. Wozniak*, 2020 COA 10, ¶ 14.  A claim for fraudulent misrepresentation — the sole claim EBH brought against O'Hanlon in the 2011 case — is subject to a three-year statute of limitations. § 13-80-101(1)(c), C.R.S. 2024.  It accrues on the date the misrepresentation should have been discovered through the exercise of reasonable diligence.  § 13-80-108(3), C.R.S. 2024.  EBH filed its fraudulent misrepresentation claim in March 2011.  Thus, the statute of limitations on EBH's claim expired, at the latest, in March 2014.  Given this, O'Hanlon has already obtained all the relief that he could hope to achieve through reopening the 2011

case — dismissal of EBH's fraudulent misrepresentation claim without any possibility that EBH could reassert it later.

¶ 13    Accordingly, we reject O'Hanlon's argument that EBH lacked standing to bring the 2011 case.

### IV.    Fraud Upon the Court

¶ 14    O'Hanlon next contends that the district court erred by denying his Rule 60(b) motion because his fraud upon the court claim wasn't subject to any time bar. We agree that no time bar applied but perceive no basis to reverse.

### A.    Applicable Law and Standard of Review

¶ 15    Ordinarily, a Rule 60(b) motion must be made within a "reasonable time." C.R.C.P. 60(b). But a court can always set aside a judgment that was procured through fraud upon the court. *Id.*; *Carbajal v. Wells Fargo Bank, N.A.*, 2020 COA 49, ¶ 17; *see also Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944) (Equitable relief from fraudulent judgments is a remedy devised by courts to alleviate the hardships arising from "hard and fast adherence" to the rule that judgments shouldn't be disturbed after the time for challenge has expired.), *overruled on other grounds by Standard Oil Co. of Ca. v. United States*, 429 U.S. 17 (1976).

¶ 16 Relief based on a fraud upon the court claim is available only in unusual and exceptional circumstances to prevent a grave miscarriage of justice. *Carbajal*, ¶ 19 To prevail, the party seeking relief must show, among other things, fraud that is "extrinsic" to the judgment being attacked. *Se. Colo. Water Conservancy Dist. v. Cache Creek Mining Tr.*, 854 P.2d 167, 176 (Colo. 1993). Extrinsic fraud amounts to "a subversion of the legal process itself," while intrinsic fraud amounts to fraud that "could have been litigated in the original action." *In re Marriage of Gance*, 36 P.3d 114, 117 (Colo. App. 2001).

¶ 17 The movant under Rule 60(b) bears the burden of establishing by clear and convincing evidence that their motion should be granted. *In re People in Interest of A.P.*, 2022 CO 24, ¶ 19. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Taylor v. HCA-HealthOne LLC*, 2018 COA 29, ¶ 30.

## B. Analysis

¶ 18 As a threshold matter, we agree with O'Hanlon that no time bar precluded his fraud upon the court argument. *See Carbajal*, ¶ 17. Nonetheless, we discern no basis for reversing the district court's denial of O'Hanlon's Rule 60(b) motion. *See Taylor v. Taylor*,

8

2016 COA 100, ¶ 31 (appellate court may affirm on any basis supported by the record).

¶ 19     O'Hanlon's claim of fraud upon the court revolves around the alleged perjury of a witness who was a member of AccessU2. According to O'Hanlon, the witness falsely testified and wrongfully averred in a verified complaint in another case that he had no knowledge of Mobile Boomerang. O'Hanlon asserts that the witness's knowledge of Mobile Boomerang is the fraud "at the core of this case." He also contends that AccessU2's lawyers knew about the alleged perjury.

¶ 20     But even accepting O'Hanlon accusations as true, perjury constitutes mere intrinsic fraud, not extrinsic fraud. *See Carbajal,* ¶ 23. This is because the party alleging perjury has the opportunity during the underlying litigation to probe the materiality of the witness's testimony and "attack it." *Hazel-Atlas Glass,* 322 U.S. at 261 n.18. Thus, the district court didn't err by denying O'Hanlon's Rule 60(b) motion that alleged fraud upon the court.

¶ 21     To the extent O'Hanlon relies on materials outside the record to argue otherwise — such as invoices or attorney correspondence — we decline to consider them. *See McLellan v. Colo. Dep't of Hum.*

*Servs.*, 2022 COA 7, ¶ 27 ("Because our review is limited to the record on appeal, we will not consider documents attached to the opening brief that are not found in the record.").

¶ 22    Accordingly, although the district court erred by determining that O'Hanlon's Rule 60(b) motion was time barred, we nonetheless discern no grounds for reversing its denial of his motion.

## V.    The District Court's Injunction

¶ 23    O'Hanlon next dedicates one sentence in his opening brief to challenging the district court's order that enjoined him from filing additional documents into the district court case.  We decline to review this undeveloped contention.  *See Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007) (declining to review appellants' arguments under C.R.C.P. 59 and 60 because they reflected a "shotgun approach" and set forth "little analysis").

## VI.    Appellate Attorney Fees and Costs

¶ 24    Finally, we agree with EBH that it's entitled to (1) its reasonable appellate attorney fees under section 13-17-102(2), C.R.S. 2024, and C.A.R. 38(b); and (2) its appellate costs under C.A.R. 39(a)(2).

¶ 25    Section 13-17-102(2) allows us to award reasonable attorney fees to a party who has defended against an appeal that "lacked substantial justification."  "[L]acked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.  § 13-17-102(9)(a).  C.A.R. 38(b) similarly authorizes us to award attorney fees as a sanction when a party brings a frivolous appeal.  An appeal can be frivolous in two ways: (1) it may be frivolous as filed when the lower court's judgment is so plainly correct and the legal authority contrary to the appellant's position so clear that there is really no appealable issue, or (2) it may be frivolous as argued when the appellant commits misconduct in arguing the appeal.  *SG Ints. I, Ltd. v. Kolbenschlag*, 2019 COA 115, ¶ 42.

¶ 26    We conclude that O'Hanlon's appeal is frivolous in both ways.  As the divisions in *O'Hanlon II* and *O'Hanlon III* noted, O'Hanlon continues to assert arguments that courts have repeatedly and expressly rejected; he violates the appellate rules; and he presents arguments in a conclusory fashion without developed factual or legal argument.  *See O'Hanlon II*, slip op. at 7; *O'Hanlon III*, slip op. at 3-4.  We also fail to see what purpose reopening the 2011 case

11

could serve other than to continually harass EBH with litigation. Indeed, O'Hanlon consented to the case's dismissal without prejudice and the statute of limitations on EBH's sole claim has since expired. Even considering his pro se status, O'Hanlon clearly knew or reasonably should have known that his appeal was frivolous. *See* § 13-17-102(6); *Averyt v. Wal-Mart Stores, Inc.*, 2013 COA 10, ¶ 43 (an appeal is frivolous as filed if the appellant can present no rational argument based on the evidence or law, or the appeal is prosecuted solely for harassment or delay). Thus, EBH is entitled to its reasonable attorney fees incurred on appeal.

¶ 27    Because the district court is best positioned to determine the amount of EBH's reasonable appellate attorney fees, we remand the case to the district court to determine the amount of those fees. *See* C.A.R. 39.1.

¶ 28    As the prevailing party on appeal, EBH is also entitled to its appellate costs upon compliance with C.A.R. 39(c)(2).

## VII.   Disposition

¶ 29    We affirm the judgment and remand the case to the district court to determine the amount of EBH's reasonable appellate attorney fees.

12

JUDGE FREYRE and JUDGE SCHOCK concur.