24CA0828 In Interest of AME 04-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0828
Douglas County District Court No. 08JV35
Honorable H. Clay Hurst, Judge

---

In the Interest of A.M.E., n/k/a A.M.H., a Child,

and Concerning J.L.E.,

Appellant,

and

J.J.H.,

Appellee.

---

APPEAL DISMISSED IN PART, ORDERS AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LUM
Pawar and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 16, 2026

---

J.L.E., Pro Se

Jennifer Anntoinette Rivera, Denver, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Mother, J.L.E., appeals three orders entered by the district court on March 26, March 27, and April 9, 2024. We dismiss the appeal in part, otherwise affirm the orders, and remand the case to the district court.

## I.     Background

### A.     Procedural History and Prior Appeals

¶ 2     Mother and J.J.H. (father) have been engaged in a protracted battle over child support arrearages since 2013.

¶ 3     In 2018, father moved for a satisfaction of judgment, asserting that he had paid his outstanding child support arrearages. In 2021, after significant litigation, the magistrate entered an order granting father's motion (satisfaction of judgment order). In the satisfaction of judgment order, the magistrate concluded that "there are no outstanding child support arrearages"; entered a satisfaction of judgment; and ordered mother to pay $15,000 of father's attorney fees under section 13-17-102, C.R.S. 2025. Mother petitioned for review of this order (2021 petition for review), and father requested that the district court award him an additional $3,500 in attorney fees incurred in connection with the 2021 petition of review under section 13-17-102.

1

¶ 4     On March 17, 2022, the district court adopted the magistrate's satisfaction of judgment order. The court remanded the case to the magistrate for a ruling on father's attorney fees request. The magistrate scheduled a hearing on attorney fees for November 23, 2022. (Meanwhile, mother appealed the district court's adoption of the magistrate's satisfaction of judgment order, and a division of this court affirmed. *In Interest of A.M.E.*, (Colo. App. No. 22CA0728, Mar. 9, 2023) (not published pursuant to C.A.R. 35(e)) (*A.M.E. I*)).

¶ 5     On October 28, 2022, mother filed a motion to disqualify the magistrate from presiding over all future proceedings in the case, including the attorney fees hearing.

¶ 6     On November 23, 2022, the magistrate denied mother's motion to disqualify. We will refer to this order as the "November 23 order." The attorney fees hearing proceeded as scheduled.

¶ 7     On November 30, 2022, the magistrate entered an order finding that mother's actions in filing the 2021 petition for review lacked substantial justification. *See* § 13-17-102(4). The magistrate awarded father $3,500 in attorney fees incurred in connection with defending against the petition. We will refer to this order as the "November 30 order."

2

¶ 8    Mother timely petitioned the district court for review of the magistrate's November 23 order. The district court adopted the magistrate's November 23 order on June 27, 2023.

¶ 9    Mother appealed the district court's ruling. *See In Interest of A.M.E.,* (Colo. App. Nos. 23CA1375 & 23CA2187, Apr. 9, 2026) (not published pursuant to C.A.R. 35(e)) (*A.M.E. II*). During that appeal, a division of this court issued an order for the district court to settle the record and determine whether mother had also timely filed a petition for review of the magistrate's November 30 order. The district court concluded that she had, and it adopted the magistrate's November 30 order on April 9, 2025. *Id.*, slip op. at ¶ 8. *A.M.E. II* resolved mother's appeal of the district court orders adopting the November 23 and November 30 orders.

### B.    March 26 and March 27 Orders

¶ 10    Before the *A.M.E. II* division issued its order to settle the record, mother made several attempts to file or refile her petition for review of the magistrate's November 30 order. As relevant here, mother refiled her petition for review on February 16, 2024. Father filed a "Response and Motion to Strike," asserting that the petition was untimely (father's motion to strike). He also requested, as a

sanction, that the court place mother under filing restrictions due to the number of frivolous motions she had filed.

¶ 11 Mother then filed a "Motion to Strike [Father's] Response and Motion to Strike" (mother's motion to strike). Father filed another response to *that* motion, again requesting filing restrictions as a sanction.

¶ 12 On March 26, 2024, the district court entered an order striking mother's petition for review (order to strike). The order to strike states, "[The court] already issued a ruling regarding the [November 30 order] on June 27, 2023. That order is the subject of appeal in [*A.M.E. II*]." The order to strike also granted father's request for filing restrictions, although it didn't contain any detail about the contours of those restrictions.

¶ 13 On March 27, the court issued an order titled "Clarification of Process for Filing Further Pleadings" (restriction order). The restriction order says that (1) filing restrictions are necessary to prevent the court, court staff, and father from the need to review "irrelevant and frivolous pleadings"; (2) mother must file a motion for permission to file with a copy of any proposed motion before she can make any further filings; and (3) the proposed motion must be

4

supported by statute or case law, must be in compliance with the Colorado Rules of Civil Procedure, and must be "relevant to a pending issue[] before the Court."

¶ 14    Consistent with the court's filing restrictions, mother requested permission to file a reply in support of mother's motion to strike. On April 9, 2024, the district court issued an order rejecting that filing (April 9 order).

¶ 15    Mother appeals the order to strike, the restriction order, and the April 9 order. We dismiss mother's appeal as moot in part and affirm the orders.

## II.    Finality

¶ 16    We reject father's contention that we lack jurisdiction over this appeal because the orders mother appeals aren't final. The orders completely resolve (1) father's motion to strike mother's petition for review of the November 30 order; (2) father's request for filing restrictions; (3) mother's motion to strike father's motion to strike; and (4) mother's request to file her reply. There is nothing further for the court to do to completely resolve the parties' rights with respect to this proceeding. *See In re Marriage of Salby*, 126 P.3d 291, 294 (Colo. App. 2005) (A final judgment is one that "ends the

proceeding in which it is entered and leaves nothing further to be done regarding the rights of the parties."). To the extent that any of these orders weren't final prior to the district court's ruling on mother's petition for review of the November 30 order, that defect has now been cured.

## III. Rulings Regarding the November 30 Order and the Order to Strike

¶ 17    Mother contends that the district court erred by (1) concluding that the district court's June 27 order pertained to the magistrate's November 30 order and (2) striking mother's petition for review. This portion of mother's appeal is moot.

¶ 18    "An appellate court will not render an opinion when the issues presented have become moot because of subsequent events." *In re Marriage of Tibbetts*, 2018 COA 117, ¶ 7. "An issue is moot when a judgment, if rendered, would have no practical legal effect on the existing controversy." *In re Marriage of Dauwe*, 148 P.3d 282, 284 (Colo. App. 2006). Both of mother's contentions pertain to whether the district court should address mother's petition for review of the magistrate's November 30 order. Because the district court ultimately accepted mother's petition as timely filed and issued a

6

ruling on it, *see A.M.E. II*, slip op. at ¶ 8, our judgment would have no effect. Therefore, we dismiss this portion of mother's appeal.

## IV. Denied Permission to File Reply

¶ 19 Next, mother contends that the district court erred by not accepting her "reply" in support of her motion to strike. We discern no reason for reversal.

¶ 20 As best we understand her briefing, mother contends that (1) mother's motion to strike was an independent motion for which she was entitled to file a reply after father filed his response; (2) the district court erred by characterizing her motion to strike as a reply in support of her petition for review of the November 30 order; and (3) the district court, therefore, should have permitted her to file a reply in support of her motion to strike father's motion to strike. (To the extent mother's motion to strike was an independent motion, we construe the court's order to strike, the restriction order, and April 9 order as a denial of that motion.)

¶ 21 Mother doesn't explain how the court's failure to accept her reply prejudiced her. Mother's reply (1) asserted that father failed to address one of mother's arguments about a procedural defect in father's motion to strike and (2) reiterated that she timely filed her

petition for review of the November 30 order. The district court considered and implicitly rejected mother's argument about the procedural defect when it granted father's motion to strike. Mother doesn't articulate (and we can't discern) how that outcome would have changed based on her reply.[1] Thus, even if we assume (without deciding) that the district court erred by declining to accept mother's reply, any error is harmless. *See* C.A.R. 35(c) ("The appellate court may disregard any error . . . not affecting the substantial rights of the parties."); *Curry v. Brewer*, 2025 COA 28, ¶ 42 ("An error affects a substantial right of a party only if 'it can be said with fair assurance that it substantially influenced the outcome of the case . . . .'" (citation omitted)).

## V.    Filing Restrictions

¶ 22    As best we can discern, mother next contends that the district court erred by granting father's request to place mother under filing restrictions because (1) father's motion was procedurally deficient,

---

[1] To the extent mother asserts the court erred (and that she was prejudiced) because it didn't consider her additional arguments regarding the November 30 order, that issue is moot for the reasons set forth in Part III of this opinion.

and (2) father cited incorrect or insufficient law in support of his request.  We again discern no reason for reversal.

## A.    Standard of Review

¶ 23    We review a district court's order restricting a litigant from making pro se filings for an abuse of discretion.  *Carbajal v. Wells Fargo Bank, N.A.*, 2020 COA 49, ¶ 41.  A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair.  *Id.*

## B.    Analysis

¶ 24    Litigants generally enjoy an "undisputed right of access" to the Colorado courts, but that right is not without limits.  *Bd. of Cnty. Comm'rs v. Winslow*, 862 P.2d 921, 923 (Colo. 1993) (citation omitted).  A district court may enjoin a litigant from making pro se filings when necessary to protect the court and opposing parties from "the deleterious impact of repetitive, unfounded pro se litigation."  *Id.* at 924 (citation omitted).  A court is justified in issuing filing restrictions when the litigant "hampers the efficient administration of justice to an intolerable degree."  *GHP Horwath, P.C. v. Kazazian*, 2024 CO 8, ¶ 66.

¶ 25    The April 9 order clarifies that the filing restrictions are necessary to protect the court and father from being required to review and respond to pleadings that are "excessive," "groundless," "frivolous," and "irrelevant." Mother's arguments all center around purported defects in father's motion to strike. However, the court could have entered the restriction order without any motion from father. *See Winslow,* 862 P.2d at 923-24 (Courts have a "duty" to protect themselves, citizens, and opposing parties against "the hardships brought about by increased court costs, crowded dockets, and the unreasonable delay and confusion that accompany a disruption of proper judicial administration." (citation omitted)). And because mother's opening brief doesn't otherwise advance any developed argument about why the district court abused its discretion by entering the restriction order, we decline to further address this issue.[2]

---

[2] We also decline to consider any expanded contentions mother makes in her reply brief. *See In re Marriage of Dean,* 2017 COA 51, ¶ 31.

## VI. Requests for Appellate Attorney Fees and Costs

¶ 26 Mother requests that this court award her attorney fees "pursuant to C.A.R. 39.1 due to the misrepresentations and vexatious actions of [father] and [his] counsel." We broadly construe mother's request as one for appellate attorney fees under section 13-17-102. Because we don't conclude that father's arguments on appeal lack substantial justification, we deny mother's request.

¶ 27 Father also requests his appellate attorney fees under section 13-17-101, C.R.S. 2025, and C.A.R. 38(b), 39, and 39.1. He asserts that mother's appeal is frivolous and that he is suffering from emotional distress.

¶ 28 A large portion of mother's appellate issues pertained to the filing of her petition for review of the November 30 order. Given the district court's eventual conclusion that mother had, in fact, timely filed that motion, we decline to conclude that mother's appeal is frivolous. *See In re Estate of Shimizu*, 2016 COA 163, ¶ 34 (An award of appellate attorney fees under section 13-17-102 "is appropriate only in clear and unequivocal cases where no rational argument is presented.").

¶ 29    Father requested — and is entitled to — his appellate costs. C.A.R. 39(a)(2) ("[I]f a judgment is affirmed, costs are taxed against the appellant."). Because the trial court is better suited to undertake the factfinding necessary to determine the amount of appellate costs, we exercise our discretion to remand to the trial court to determine and award father his costs incurred on appeal. *See Bertoia v. Galaxy Mgmt. Co.*, 2025 COA 55, ¶ 95.

## VII.   Disposition

¶ 30    Mother's appeal of the order to strike — insofar as it concluded that the court had already ruled on the November 30 order and struck mother's petition to review — is dismissed as moot. The remainder of the order to strike, the restriction order, and the April 9 order are affirmed.

JUDGE PAWAR and JUSTICE MARTINEZ concur.